## TATT v. COMMISSIONER OF INTERNAL REVENUE.
### No. 12186.

Circuit Court of Appeals, Fifth Circuit.
March 23, 1948.

Chester Bedell, Jos. M. Glickstein, and Joseph Hartman, all of Jacksonville, Fla., for petitioner.

Theron L. Caudle, Asst. Atty. Gen., Louise Foster, Sewall Key, and George A. Stinson, Sp. Assts. to Atty. Gen., and Charles Oliphant, Chief Counsel, Bureau of Internal Revenue, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

This is a petition for review of a decision by the Tax Court of the United States involving the correctness of the Tax Court's ruling which upheld the Commissioner in his disallowance of losses sustained by the petitioner in the operation of a twenty-acre farm in each of the years 1941, 1942, and 1943. The Commissioner held that the farm was not operated for profit and therefore did not constitute a business with respect to which losses might be deducted. The Tax Court affirmed, and this appeal followed.

Petitioner was born in Roumania and lived on his father's farm there until he came to this country in 1910. After arriving in America, he worked for two years on a farm in Rhode Island. In 1919, he moved to Jacksonville, Fla., and opened a produce business in which he has since been continuously engaged.

About the year 1932, petitioner conceived the idea that by raising some of the produce, especially vegetables and chickens, to be marketed in connection with his produce business, he could create additional income. In furtherance of this idea, he purchased twenty acres of land near Jacksonville, in a farming community. The land, for which he paid the sum of $3500, was unimproved. Following his purchase, he cleared and improved the land, purchased the necessary farm equipment and implements, built chicken houses, and started a poultry farm.

A three-room house for a white family and a smaller house for a colored family were also built. Petitioner's total investment in buildings and equipment exceeded $7,000. Within two years, he had 4200 chickens on his farm and marketed fryers and eggs. At that time he had as many as six employees. During the year 1934, petitioner moved his wife to the farm, and in 1935 constructed a home there. The house cost him between $4,000 and $5,000.

From the very beginning, petitioner's farm operations resulted in loss; but trying in succession one thing after another, raising truck, raising citrus fruit, raising milch cows, he persisted in his attempts successfully to farm the land. During the tax years in question, years in which the United States was engaged in war, farm labor was difficult to hire, and petitioner was forced to operate his farm with the help of one man. Operations were naturally, therefore, conducted on a small scale, and for each of those years, 1941, 1942, and 1943, petitioner's records show losses respectively of $1369.10, $3566.72, and $3766.-65.

In its opinion, the Tax Court conceded that petitioner had been farming for profit prior to the years in question, but that for those years the evidence showed that he had abandoned farming operations; that they were not then conducted for a profit; and the Court approved the Commissioner's disallowance.

This Court has held that the intention of the taxpayer at the outset is a dominant factor in determining whether he was engaged in a venture for profit or merely for pleasure. Farish v. Commissioner, 5 Cir., 103 F.2d 63, at 65. The testimony of the taxpayer here is uncontradicted that his intention was and continued to be to make a profit from his farm if possible. All the testimony of other witnesses is to the same effect. In a recent case decided by this Court, Foran v. Commissioner, 5 Cir., 165 F.2d 705, we cited Penna. R. Co. v. Chamberlain, 288 U.S. 333, at page 340, 53 S.Ct. 391, 77 L.Ed. 819, and, following that case, held that intent may be proved by circumstances, and that a party's testimony as to his intent may be

rebutted by proof of circumstances which are inconsistent therewith. We further held that no circumstance found by the Tax Court was inconsistent with the reasonable and uncontradicted testimony of petitioner. We think here that as in that case the Tax Court's refusal to follow the reasonable and uncontradicted testimony of petitioner which is supported by circumstances and acts wholly consistent therewith is contrary to law, and requires the setting aside of its judgment.

The judgment is set aside, with directions to redetermine the taxes in accordance with this opinion.

Reversed.