## MORTON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 155, Docket 21176.

United States Court of Appeals
Second Circuit.

April 22, 1949.

Carl J. Batter, of Washington, D. C., and Morton Pepper, of New York, N. Y., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., and Ellis N. Slack and Melva M. Graney, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This appeal relates to an asserted deficiency of $2709.27 in the petitioner's income tax for the year 1943. Because of the Current Tax Payment Act, 57 Stat. 126, 26 U.S.C.A.Int.Rev.Acts, page 385, the years 1942 and 1943 are both involved. The deficiency results from the disallowance of claimed deductions for expenditures made by the taxpayer in connection with a farm owned by him. The expenditures were claimed to be deductible under section 23 (a) (1) (A) of the Internal Revenue Code, 26 U.S.C.A. § 23(a) (1) (A), or, in the alternative, under section 23(a) (2).

■ The first mentioned provision allows deduction from gross income of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Whether the activities of a taxpayer constitute carrying on a trade or business is a question of fact the determination of which by the Tax Court, if adequately supported by the record, is ordinarily conclusive on appeal.[1]

■ In the case at bar the Tax Court concluded, after reviewing the facts, that the taxpayer was not engaged in the business of farming. This finding is amply supported by the record. The taxpayer is a successful lawyer residing in New York City who devotes all of his time, except for occasional vacations, usually of short duration, and week ends, to the practice of law. In 1929 he purchased a farm in Virginia with the expectation of retiring from the practice of law, but the occurrence of the depression shortly thereafter caused him to abandon his plan for retirement. The farm included about 300 acres of land, of which 100 acres were cleared and the rest was woodland. There was a twelve room master's house, a servant's house, a tenant's house and various farm buildings. The taxpayer's family usually spent the summer at the farm and made short visits there at Christmas, Easter and other holidays. He joined his family whenever possible. The only time he devoted to farming was in giving occasional instructions to the man on the place. From 1929 to 1932 a tenant farmer operated the farm but there was no evidence of profits. From 1932 through 1941 the tenant's house was occupied by a friend of the taxpayer and no farming operations occurred in which the taxpayer had any financial interest. Early in 1942 the friend moved away and the taxpayer made a share-cropping contract with a tenant under which the taxpayer was to furnish all seed, equipment and working stock and the tenant was to furnish the labor. The taxpayer received no income under this tenancy. No produce was sold in 1942; in 1943 fruit to the value of $275 was sold. During this period the taxpayer employed a caretaker who also

[1] See Higgins v. Commissioner, 312 U. S. 212, 217, 218, 61 S.Ct. 475, 85 L.Ed. 783; Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 475, 64 S. Ct. 249, 88 L.Ed. 171.

worked on the up-keep of the farm. The farm has shown a loss each year since the taxpayer acquired it. The expenditures which he sought to deduct amounted to about $2850 in 1942 and about $3180 in 1943; they were for labor, material and supplies, insurance, and repairs. In 1944 he sold the tract on which the master's house was not located. Since then he has raised on the tract retained some cut flowers for the New York and Washington markets.

■ The taxpayer complains that the finding that he was not engaged in the business of farming disregards the evidence that in 1942 and 1943 he operated the farm through his profit-sharing tenant with the intention and expectation of making a profit. It is true that a record of continual losses over a series of years does not in itself preclude the allowance of such losses as a business expense.[2] The intent of the taxpayer in making his expenditures is what counts; but the continuing lack of profits is an important factor bearing on the taxpayer's true intention.[3] The Tax Court gave consideration to the evidence of intention but was convinced that he was not engaged in farming for profit. We cannot hold that finding to be clearly erroneous.

■■ As an alternative contention the taxpayer claims the deductions under section 23(a) (2) of the Internal Revenue Code. This provision relates to non-business expenses; it permits deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." Part of the farm was sold in 1944 and the contention appears to be that the expenditures in 1942 and 1943 were necessary for conservation of property held for the production of income through sale. The Tax Court found that the expenditures were not made for any of the purposes specified in section 23(a) (2). Its opinion states that the entire record "is highly persuasive that the taxpayer maintained this farm as a country home for himself and family and that such expenditures as he made for the operation of the farm were for the preservation of that home rather than for the making of profits." We think this conclusion is justified. It effectively disposes of the taxpayer's alternative contention, since section 24(a) (1) precludes the deduction of personal, living or family expenses, and section 29.23(a)-15(b) of Treasury Regulations 111 expressly states that ordinary and necessary expenses paid or incurred in connection with the management, conservation, or maintenance of property held for use as a residence by the taxpayer are not deductible. Nothing which the taxpayer did during the taxable years in suit gave any indication that the residential farm had been converted to an income-producing purpose. See Rumsey v. Commissioner, 2 Cir., 82 F.2d 158, certiorari denied 299 U.S. 552, 57 S.Ct. 14, 81 L. Ed. 406; Schmidlapp v. Commissioner, 2 Cir., 96 F.2d 680, 682, 118 A.L.R. 297; Gevirtz v. Commissioner, 2 Cir., 123 F.2d 707, 708.

Order affirmed.

---

[2] Commissioner of Internal Revenue v. Field, 2 Cir., 67 F.2d 876, 878; Cecil v. Commissioner, 4 Cir., 100 F.2d 896, 899; Tatt v. Commissioner, 5 Cir., 166 F.2d 697, 698.

[3] Deering v. Blair, 57 App.D.C. 367, 23 F.2d 975, 976; Thacher v. Lowe, D.C.S. D.N.Y., 288 F. 994.