### UNITED STATES v. FORYS.

No. 6299.

United States District Court,
D. Rhode Island.

May 5, 1953.

The indictment, consisting of three counts, charges the defendant, Walter Forys, with violating the provisions of 26 U.S.C.A. § 3285 et seq., the so-called "Wagering Tax" statute.

In support of his motion to dismiss, the defendant makes the following contentions: (1) that the statute upon which the indictment is based is "void-for-vagueness"; (2) that said statute is void for attempting to make an unlawful delegation of legislative power to the Commissioner of Internal Revenue; and (3) that the indictment, as a pleading, does not sufficiently and properly charge offenses against the United States.

The Court is satisfied that the defendant's first contention, that the statute is drawn so broadly as to lack the requisite clarity of a criminal statute, has been resolved against the defendant. United States v. Kahriger, 1953, 345 U.S. 22, 73 S.Ct. 510.

The defendant's second contention, that the statute is void for attempting to make an unlawful delegation of legislative power to the Commissioner of Internal Revenue, is based on the provisions of Sec. 3310 (f)(1) of the Internal Revenue Code, 26 U.S.C.A. § 3310(f)(1). This section provides that the Commissioner of Internal Revenue "may by regulations approved by the Secretary prescribe the period for which the return for such tax shall be filed, the time for the filing of such return, the time for the payment of such tax, and the number of copies of the return required to be filed." Inasmuch as this provision is applicable only to count three of the indictment in this case, however, it is unnecessary for the Court to consider whether said provision makes an unlawful delegation of legislative power to the Commissioner, since the Court is satisfied that another basis, to be subsequently stated, exists in the instant case to warrant dismissal of the third count.

In support of his third contention, that the indictment, as a pleading, is fatally defective, the defendant points out certain alleged defects in each count of the indictment. The defendant's principal con-

Edward M. McEntee, U. S. Atty., and Russell C. King, Asst. U. S. Atty., Providence, R. I., for plaintiff.

Leo P. McGowan, Providence, R. I., and John D. O'Reilly, Boston, Mass., for defendant.

GIBSON, District Judge.

This matter was heard on the defendant's motion to dismiss Indictment numbered 6299 and each count thereof.

tention with respect to count one is that said count does not charge an offense against the United States, in that it merely charges that the defendant, "did accept and receive a wager with respect to a horse race", knowing that he had not paid the special tax required by 26 U.S.C.A. § 3290. The defendant correctly states that the acceptance of a single wager does not make the acceptor subject to this tax, or subject to a penalty for not paying the tax. But count one charges more than what is above quoted. It charges that "On or about October 22, 1952 in the Town of West Warwick, * * * Walter Forys, * * * a person engaged in the business of accepting wagers, did accept and receive a wager with respect to a horse race." The Court is satisfied that this pleading sets forth with sufficient clarity the offense charged; that it adequately apprises the defendant of the charge against him; and that it requires the Government to prove that the defendant was a person "engaged in the business of accepting * * * wagers" under the provisions of Sec. 3285.

The defendant has made the further contention, in support of his motion to dismiss count one, that the allegation therein that "He then knew that he had not paid the special tax provided by 26 U.S.C.A. § 3290." simply states the subjective attitude of the defendant, and does not allege that a crime has been committed. The Court finds no merit in this contention. The quoted portion of the allegation expresses two thoughts: (1) that the defendant had not paid the special tax, and (2) that he knew he had not paid. The allegation is not defective, and its inclusion in count one does not warrant the dismissal of that count.

■ The defendant's contention with respect to count two is that the allegation therein, that the defendant "did wilfully neglect and refuse to place and keep conspicuously the stamp denoting the payment of the special tax provided by 26 U.S.C.A. § 3290 in his principal place of business * * * ", does not charge an offense against the United States. The defendant's objection to this count is that "26 U.S.C.A. § 3290" does not, and cannot, provide for the payment of any tax, since "U.S.C.A." is an abbreviation for "United States Code Annotated", a private publication, having no force or effect as law. This objection is purely a technical one, and the Court finds it to be so obviously without merit as to require no further discussion. The defendant's motion to dismiss count two is therefore denied.

■ The defendant's contention with respect to count three is that it does not properly charge a single offense, and is therefore invalid for duplicity or multifariousness. Count three charges that the defendant "did wilfully fail to make a return stating the amount of wagers * *. *, and did wilfully fail to pay an excise tax * * *." A reading of 26 U.S.C.A. § 2707(b) indicates that the failure to make a return and the failure to pay the tax are two separate and distinct offenses. They should not therefore be contained in a single count. Where one count alleges both, it becomes invalid for duplicity. Curtis v. United States, 5 Cir., 1930, 38 F. 2d 450, certiorari denied 281 U.S. 768, 50 S.Ct. 467, 74 L.Ed. 1175; United States v. Hopkins, D.C.S.D.Fla.1923, 290 F. 619. Count three is therefore dismissed.

The defendant's motion to dismiss the indictment, and to dismiss counts one and two thereof, is denied. The defendant's motion to dismiss count three is granted, and said count is hereby dismissed.