**A. J. KAHN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15404.**

United States Court of Appeals
Ninth Circuit.

Jan. 8, 1958.

Writ of Certiorari Denied March 31, 1958.
See 78 S.Ct. 701.

George E. Danielson, Charles H. Carr, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Lloyd F. Dunn, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BONE, LEMMON and CHAMBERS, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from a judgment of the lower court finding appellant Kahn guilty on four counts of a five count Information. Jury trial was waived by appellant and the case tried before the District Court.

Count One charged appellant with violation of the statutory requirement (Section 3290 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3290) that a person *who is engaged in the business of accepting wagers* shall pay a special (occupational) tax of $50 per year. For this violation he was sentenced to pay a fine of $10,000.[1]

The court found appellant not guilty on Count Three of the Information.

The remaining counts, Two, Four and Five, charged him with failure to pay an *excise tax* of 10% on the *amount* of wagers under Section 3285 of the 1939 Code for the months of September, 1953, December, 1953, and March, 1954.[2] This tax is imposed on the *amount of wagers accepted* by persons who are *engaged in the business of accepting wagers.* He was committed to the custody of the Attorney General for a period of one year on *each* of Counts 2, 4, and 5, these periods of custody to run *concurrently,* and execution was suspended. Probation, under such "custody," was granted for a period of three years on the condition that appellant pay the fine assessed on Count One, on or before December 1, 1956.

The evidence presented by the Government and sustained by the trial court in its special findings of fact, tended to show that during the three different months pertinent to this appeal, appellant *accepted wagers* on horse races in the total amount of $6,930. This amount represented the total amount wagered in some twenty-nine transac-

---

1. From the Information—Count One—"During the tax year beginning July 1, 1953, and ending June 30, 1954, * * defendant A. J. Kahn engaged in the business of accepting wages * * *, by reason of such activity he was required by law to pay the occupational tax (wagering) as imposed by Section 3290 of the Internal Revenue Code, 1939 * * * and, well knowing these facts, the defendant did wilfully and knowingly fail to pay said tax * * *."

2. From the Information—Count Two—"During the month of September, 1953, * * * defendant A. J. Kahn engaged in the business of accepting wagers * * and did accept wagers * * * upon which wagers there was due and owing * * * an excise tax on wagers as provided in Section 3285 of the Internal Revenue Code, 1939, * * * which he was required by law, * * * to pay * * *; and, well knowing all the foregoing facts, the defendant did wilfully and knowingly fail to pay said tax * * *"

Count Four—"During the month of December, 1953, * * * defendant * * * engaged in the business of accepting wagers * * *, and did accept wagers * * * upon which wagers there was due and owing * * * an excise tax on wagers as provided in Section 3285 of the Internal Revenue Code, 1939, * * * which he was required by law, * * * to pay * * *; and, well knowing all the foregoing facts, the defendant did wilfully and knowingly fail to pay said tax * * *."

Count Five—"During the month of March, 1954, * * * defendant * * engaged in the business of accepting wagers * * *, and did accept wagers * * *, upon which wagers there was due and owing * * * an excise tax on wagers as provided in Section 3285 of the Internal Revenue Code, 1939, * * * which he was required by law, * * * to pay * * *; and, well knowing all the foregoing facts, the defendant did wilfully and knowingly fail to pay said tax * * *."

tions, three of which were "placed" with appellant by one man and the remaining twenty-six were all "placed" with him by another individual.

The persons liable to pay both the occupational tax imposed by Section 3290, and the excise tax imposed by Section 3285 of the Internal Revenue Code of 1939, are those who are "engaged in the business of accepting wagers." 26 U.S.C.A. (I.R.C.1939) § 3285(d). The primary question raised by this appeal is whether, under the facts stated above, appellant was "engaged in the business" as required by the Code Sections under which he was convicted.

We believe that the lower court's findings that he was so engaged must be upheld.

Though the statutes involved in this appeal are relatively new, and "engaged in business" is not fully defined as used in them, there is no reason to believe that the definition in relation to the acceptance of wagers should vary greatly from the construction of that phrase as used in other revenue statutes. These definitions have attributed such elements to the "carrying on" or "engaging in" a business, as intent, profit, consumption of time, occupation of attention etc.,[3] but have not found any of these items to be completely controlling over all the other elements.[4]

In Morton v. Commissioner of Internal Revenue, 174 F.2d 302, 303, the Second Circuit said, in conjunction with the determination of the meaning of "carrying on a trade or business" as it appears in § 23(a) (1) I.R.C. of 1939, 26 U.S.C.A. § 23(a) (1), the predecessor of 26 U.S.C.A. § 162(a):

"Whether the activities of a taxpayer constitute carrying on a trade or business is a question of fact the determination of which by the Tax Court, if adequately supported by the record, is ordinarily conclusive on appeal."

This Court in the recent case of Ramsey v. United States, 245 F.2d 295, 296, was confronted with a somewhat similar problem. We there indicated that with relation to giving a required bond to carry on "the business of a distiller," or "engaging in the business of a distiller," the term "business," as used in the statute, is a word of common usage which needed no formal definition to the jurors.

In applying the reasoning in the above noted cases to the facts in evidence in the case at bar, we are forced to conclude that these facts were sufficient to justify the trial court in determining that appellant was "engaged in the business" of accepting wagers (within the meaning of 26 U.S.C.A. (I.R.C.1939) § 3285(d)).

We are not here dealing with a case wherein the evidence indicated only a single isolated wager which might require, as a matter of law, a finding that the acceptor was not engaged in the gambling business,[5] nor are we concerned with a full-time bookmaking operation which would require an opposite finding. The evidence presented indicated a continuing relationship between appellant and at least one bettor which included a reasonably large number of transactions. There was also evidence to the effect that appellant went out of his way to accept wagers from one of the Government's witnesses. It is conceivable that such a relationship would be one of simple social betting, but it is equally, if not more, conceivable that such evidence shows the actions of one engaged in the business of accepting wagers. The difference is largely one of the intention of the parties involved—an

3. Morton v. C. I. R., 2 Cir., 174 F.2d 302, certiorari denied 338 U.S. 828, 70 S.Ct. 77, 94 L.Ed. 503; Cecil v. C. I. R., 4 Cir., 100 F.2d 896.

4. For example: Cecil v. C. I. R., supra, Intent is important in determining whether a taxpayer is carrying on a business but not necessarily controlling.

5. United States v. Forys, D.C., 113 F. Supp. 580, 582.

intention far more easily and reliably determined by a competent trial judge with his opportunity to observe the demeanor of the witnesses, than by this Court.

The portions of the evidence urged by appellant as militating against the findings of the lower court are not of such importance as to allow this Court to upset those findings. The fact that a man is engaged in one form of employment does not preclude him from being engaged in some other pursuit or endeavor at the same time. Nor do the facts that he has very few customers and does not attempt to limit his competition, even though he has the power to do so, force a court to conclude that he is not engaged in a particular business. This is particularly true in the business of accepting wagers where the risks are such as to cause many operators to limit the amount of their business for fear of a crippling loss should their customers win.

Appellant objected to the trial court's inclusion in its special findings of fact of the three bets placed with appellant by Qualin, the individual who, according to the Government's evidence, placed only three bets with appellant. The objection was on the ground that 26 U.S.C.A. (I.R.C.1939) § 3285(e) specifically excludes wagers placed with a parimutuel wagering enterprise. This claim is not persuasive. The fact that the bets were made at a race track, and that a parimutuel enterprise was there available for the use of bettors, does not bring the Qualin bets within the exclusions from the tax. Section 3285(e) excludes those wagers which are placed with a parimutuel enterprise. The evidence in this case could be fairly interpreted as showing that the wagers objected to were placed *with* appellant even though they were placed *at* the race track.

The judgment of the trial court is affirmed.