James E. and Ann F. Ashe v. Commissioner.
Ashe v. Commissioner
Docket No. 5066-65.
United States Tax Court
T.C. Memo 1967-169; 1967 Tax Ct. Memo LEXIS 90; 26 T.C.M. (CCH) 791; T.C.M. (RIA) 67169; August 22, 1967
James E. Ashe, pro se, R.D. 1, Freeville, N. Y. Stephen M. Miller, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $271.96 in petitioners' income tax for the taxable year 1962. Petitioners have failed to urge consideration of certain issues raised in the pleadings. We therefore find that they have abandoned them. The sole issue left for decision is whether petitioners are entitled to a deduction for a loss arising from a "trade or business" as that term is used in the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated, and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. James E. Ashe and Ann F. Ashe are husband and wife. They filed a Federal *91 joint income tax return on the cash basis of accounting for the taxable year 1962 with the district director of internal revenue at Syracuse, New York. They were legal residents of Freeville, New York, when they filed the petition in this case. Since Ann F. Ashe is a party to this case only because she filed a joint return with her husband, James E. Ashe, the latter is herein after referred to as petitioner. During 1962 petitioner was an employee of Cornell University. He served as a research technician and as an electronics technician. His hours of work were from 8 A.M. to 5 P.M. on Monday through Thursday and 8 A.M. to 4 P.M. on Friday. In 1961 petitioner purchased and occupied a house and the land upon which it was situated. The property consisted of 150 acres and was located about 12 miles from the Cornell campus. The house had 14 rooms, plus a basement. After buying the property, petitioner began considering ways to put it to use. During 1961 he entertained ideas of operating a trailer park, a tree farm, growing crystals, selling foreign-car parts, and selling surplus industrial and military electronics gear. Petitioner dropped the first three ideas without taking any action *92 to implement them. The only action he took in 1961 to implement the idea of selling car parts was to write a letter to a parts distributor inquiring about getting a distributorship. With respect to the idea of selling surplus electronics materials, petitioner made several purchases of equipment in 1961. Early in 1962, the year in question in this case, petitioner abandoned the idea of selling car parts. He also gave up the idea of selling surplus electronics gear because he had no customers. He thereupon threw away or gave away much of the electronics material he had purchased in 1961. Sometime in 1962 petitioner conceived the idea of creating an electronics laboratory. In August, to implement the idea, he began renovating the basement of his house. He hired people to build benches and shelves, to excavate, and to pour concrete. He also bought some electronics instruments. [1]
During 1962 petitioner had no customers at his laboratory. He made no sales and reported no income from the laboratory on his Federal income tax return. [2]
*93 In 1962 petitioner made two or three evening trips per week to Cornell in the family car. He used the library's research materials in the field of electronics and talked to people on the campus who worked in that field. In 1962 petitioner visited a lawyer. Petitioner and the lawyer discussed problems connected with setting up businesses. On March 30, 1964, petitioner and his wife filed with the Tompkins County Clerk's office in New York a certificate of doing business under the name of Eli Scientific Company. The nature of the business is not disclosed on the certificate. In his 1962 Federal income tax return, petitioner deducted $1,445.35 as a business loss. The loss consisted of expenses and depreciation which arose from his laboratory and surplus-material activities. [3]
In his statutory notice of deficiency, respondent *94 disallowed the loss deduction on the ground that petitioner had not carried on a "trade or business" in 1962. Opinion The sole issue for decision is whether petitioner is entitled to a business loss deduction in 1962. The decision turns upon the question of whether the loss-producing activities were a "trade or business" as that term is used in sections 162 and 167 [4] of the Internal Revenue Code of 1954. [5]
*95 A person must have a bona fide intention of making a profit in order to carry on a "trade or business." Margit Sigray Bessenyey, 45 T.C. 261 (1965), affd. 379 F. 2d 252 (C.A. 2, 1967); Lamont v. Commissioner, 339 F. 2d 377 (C.A. 2, 1964), affirming a Memorandum Opinion of this Court. Whether a taxpayer intends to make a profit from a given activity is a question of fact to be determined from the record in each case. Morton v. Commissioner, 174 F. 2d 302 (C.A. 2, 1949), affirming a Memorandum Opinion of this Court, certiorari denied 338 U.S. 828 (1949). Petitioner has not carried his burden of proving that he had the requisite intent to make a profit. There is no evidence in the record of an organized, businesslike attempt to engage in an activity for a profit. There is, for example, no evidence whatsoever of recordkeeping or of long-range planning. Moreover, the evidence which appears in the record leads to the conclusion that petitioner's activities were not a "trade or business." He had no customers, sales, or income from any outside activities he might have carried on in the year in question. From the record *96 as a whole, it appear that petitioner's activities were motivated solely by pleasure, not by a desire to make a profit. We hold that petitioner's laboratory and surplus-material activities were not a "trade or business." It follows that he is not entitled to a business loss deduction. Decision will be entered for the respondent. Footnotes
1. Petitioner continued to buy electronics equipment until 1964.↩
2. Petitioner's first customer at the laboratory appeared in 1963. The record is silent as to whether he has ever had any other customers and as to whether he received any income from the first customer.↩
3. Petitioner deducted the cost of professional journals, part of the utility and telephone bills on his house, and part of the costs of operating the family car. He deducted other expenses which are not clearly explained in the record. The depreciated assets were electronics equipment, furniture and fixtures, petitioner's house, and the family car.↩
4. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * SEC. 167. DEPRECIATION. (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business, * * * ↩
5. In an amended answer, respondent raises the alternative theory that petitioner's deductions are not allowable even if he was in a trade or business. Since we hold that petitioner's activities were not a trade or business, we do not pass on the alternative theory. We note, however, that the evidence indicates that many of the deductions duplicate each other and reflect personal or capital expenditures. Furthermore, the evidence tends to show that many of petitioner's expenses were neither ordinary nor necessary and that the claimed depreciation deductions were too high due to improper calculation.↩