JOHN M. and GERALDINE G. CANNON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cannon v. Commissioner
Docket No. 3602-76.
United States Tax Court
T.C. Memo 1977-283; 1977 Tax Ct. Memo LEXIS 156; 36 T.C.M. (CCH) 1130; T.C.M. (RIA) 770283; August 23, 1977, Filed *156 Held, petitioner's education and related expenses are nondeductible personal expenses. John M. Cannon, pro se. Alan M. Jacobson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $705.00 in petitioners' 1972 Federal income taxes. The only issue is whether Geraldine G. Cannon's educational and related transportation expenses are deductible under section 162(a). [1]
FINDINGS OF FACT *157 Some facts have been stipulated and are found accordingly. Petitioners were residents of Northbrook, Illinois, when they timely filed their joint 1972 Federal income tax return, and when they timely filed their petition herein. Geraldine G. Cannon (hereinafter petitioner) is a registered nurse who, in 1955, completed a three-year nursing program at the St. Francis Hospital, in Evanston, Illinois. After completing the nursing program she took and passed the necessary state examination and received her registered nurse certificate from the State of Illinois. From 1955 until September 1956, petitioner was employed full-time at the University of Chicago Clinic as a registered nurse. Subsequently, until October of 1957, she was employed full-time as a registered nurse by the United States Air Force. Between October 1957 and the summer of 1970, petitioner was not actively engaged in practicing the trade or business of a nurse. During the summer of 1970, petitioner worked part-time as a nurse in New Jersey. In September 1972, petitioner enrolled at Trinity College in Deerfield, Illinois. On the official application for admission to Trinity College, petitioner noted that she *158 was planning to prepare for a vocation in medicine, and one reason for attending Trinity College was to obtain a degree in biology in connection with her medical studies. While at Trinity College, petitioner majored in biological science, and in May 1975, graduated cum laude with a bachelor of arts degree. During the latter part of 1974, while still in college, petitioner applied to approximately seven medical schools in Illinois. As a part of this application process, petitioner studied for and took the nationally supervised Medical College Admission Test. Subsequent to her graduation from Trinity College, petitioner obtained full-time employment as a registered nurse. On their 1972 Federal income tax return, petitioners deducted $1,125 for Geraldine G. Cannon's educational expenses, and $1,250 for automobile expenses, $1,050 of which was incurred by petitioner in driving to school. Respondent, in his notice of deficiency, disallowed the entire amount of petitioner's educational expenses and related automobile expenses. OPINION The issue we must decide is whether Geraldine G. Cannon's education and related transportation expenses are deductible under section 162(a). *159 Petitioner contends she was carrying on the trade or business of a registered nurse, and her education and related transportation expenses were incurred to maintain and improve her skills as a registered nurse. [2] Respondent contends that petitioner was not carrying on a trade or business when she incurred the education expenses. Even if she were, respondent further contends, the expenses were incurred as part of a program of study that would lead to qualifying petitioner for a new trade or business. Generally, section 162(a) provides a deduction for "all the ordinary and necessary expenses * * * incurred * * * in carrying on any trade or business." Section 1.162-5, Income Tax Regs., notes in part *160 that certain education expenses are deductible as ordinary and necessary business expenses. If, however, the expenditures are for "education which is part of a program of study being pursued by [the taxpayer] which will lead to qualifying [the taxpayer] in a new trade or business," they are personal, nondeductible expenditures. Sec. 1.162-5(b)(3), Income Tax Regs. Therefore, for purposes of this case, petitioner must show both that she is in a trade or business and that her education expenses were not part of a program of study being pursued by her which would lead to qualifying her in a new trade or business. Whether a taxpayer is in a trade or business is a question of fact. Morton v. Commissioner,174 F. 2d 302 (2d Cir. 1949), affg. a Memorandum Opinion of this Court, cert. denied 338 U.S. 828 (1949). A taxpayer may be carrying on a trade or business even though temporarily away from his normal job, pursuing courses directly related to his trade or business. See, e.g., Ford v. Commissioner,56 T.C. 1300, 1304 (1971), affd. 487 F. 2d 1025 (9th Cir. 1973); Furner v. Commissioner,393 F. 2d 292 (7th Cir. 1968). *161 Mere membership in a profession does not, however, rise to the dignity of carrying on a trade or business. Corbett v. Commissioner,55 T.C. 884 (1971). Petitioner became a registered nurse in 1955, and practiced her profession on a full-time basis for two years. Following her two years of employment, petitioner remained unemployed and inactive in the nursing profession for thirteen years. In 1970, she held a part-time summer job as a nurse. Two years later she entered college on a full-time basis. On these facts, where petitioner's only recent activity in the nursing profession was a part-time summer job two years prior to entering school, we find it difficult to conclude that while in school petitioner was "engaged in a trade or business though temporarily unemployed." Ford v. Commissioner,supra at 1304. Nevertheless, we need not rely on this ground to disallow petitioner's deduction. Even if petitioner were carrying on a trade or business in 1972, her education expenses are not deductible because they were expenditures for an education which was part of a program of study pursued by petitioner that would lead to qualifying her in a new *162 trade or business. Sec. 1.162-5(b)(3), Income Tax Regs.
When petitioner applied to Trinity College she indicated that she was planning to prepare for a vocation in medicine. One reason she applied to Trinity College was her desire for a biology degree in connection with her medical studies. While in school, petitioner applied to approximately seven medical schools and took the Medical College Admission Test. These factors all indicate that petitioner's education in biological sciences was part of a program of study that would lead to qualifying in a new trade or business, that of being a physician. [3]
Since petitioner's education at *163 Trinity College was undertaken as part of a program of study which would lead to qualifying her in a new trade or business, we conclude that petitioner's education and related automobile expenses are nondeductible personal expenses under section 262. Accordingly, Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. On brief petitioner contends her automobile expenses were inseparable from her education expenses and as such both are deductible expenses under sec. 1.162-5(a), Income Tax Regs.↩ Since we conclude her education expenses and hence her automobile expenses are personal, nondeductible expenses under sec. 262, we need not reach the question of whether transportation expenses, incurred while pursuing a deductible education, are something more than nondeductible commuting expenses.
3. Although petitioner applied to several medical schools, she was apparently rejected by all. Still desiring to attend medical school, petitioner has litigated the schools' decisions to reject her application contending the rejection was made on the basis of her age and sex and as such was a violation of her civil rights. See Cannon v. University of Chicago,406 F. Supp. 1257↩ (N.D. Ill. 1976), affd. 12 Empl. Prac. Dec. [*] 11,175 (7th Cir. 1976), in which the school's right to reject her was upheld.