BRIAN C. MULHERIN and MARIE A. MULHERIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mulherin v. Commissioner
Docket No. 14114-79.
United States Tax Court
T.C. Memo 1981-454; 1981 Tax Ct. Memo LEXIS 299; 42 T.C.M. (CCH) 834; T.C.M. (RIA) 81454; August 24, 1981. Brian C. Mulherin, pro se. Michele D. Palmer, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $ 560 in petitioners' Federal income taxes for 1976. The issue is whether the petitioner was carrying on a trade or business within the meaning of section 162 [1] when she incurred certain education expenses. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners Brian C. Mulherin and Marie A. Mulherin resided *300 in Huntington Beach, Calif., when they filed their petition in this case. Petitioners filed a joint Federal income tax return for 1976. Marie A. Mulherin (hereinafter petitioner) received a Bachelor of Arts Degree in Education in 1963 and a Master of Science Degree in Special Education in 1968. Except for one year of study, petitioner was employed as a school teacher from 1963 through 1972. Her first job was as an elementary school teacher in Torrance, Calif., from 1963 through 1966. Then petitioner taught as a special education teacher through 1970, also in Torrance. Finally, petitioner taught as a learning and behavioral disabilities teacher in Baltimore, Md., from 1970 through 1972. In 1972 petitioner ceased classroom teaching because she and her husband moved to San Francisco and because she had a child. Since 1967 petitioner has been involved in both the writing and publishing of manuscripts, programs, and learning games. Those efforts are designed to assist both teachers and pupils in the learning process. The subject of petitioner's writing efforts was closely related to her teaching specialty. While she was a special education teacher in Torrance, Calif. (1967-1970), *301 petitioner wrote and designed a program for the educable mentally retarded in the areas of computational skills, time measurement, money, and consumer education. Certain professional publishers showed an interest in publishing that program, but petitioner ceased efforts to have it published when she and her husband moved to Maryland in 1970. While she taught as a learning and behavioral disabilities teacher in Maryland (1970-1972), petitioner designed a program to assist the learning disabled child in improving such skills as memory and direction following. Petitioner also prepared a learning game for her employer in Maryland. After petitioner left classroom teaching in 1972, there was a marked reduction in her professional activities, including her search for new employment and her writing efforts. After petitioner moved with her family to San Francisco in 1972, she unsuccessfully applied for positions as an extension teacher with the California State University system. She considered further attempts to gain employment futile given the tough job market at that time. While petitioner was in San Francisco, she was co-author of a manuscript for the learning disabled child, *302 but efforts to publish this manuscript were unsuccessful. In 1974 petitioner gave birth to her second child. Petitioner moved with her family from San Francisco to Connecticut in April 1975. She applied for and was offered a job in special education with a child development center but refused the job primarily because she and her husband owned but one car and the commute would be too difficult. She applied for no other jobs in Connecticut. In or around October 1975, petitioner and her family moved to Rochester, N.Y. In Rochester petitioner was co-author of two learning games. Extensive efforts to publish these games were unsuccessful. In August 1976, petitioner entered the doctorate program in Learning Disabilities at the University of Rochester. In 1976 petitioner incurred $ 2,068.71 of education expenses for tuition, books, and fees which expenses petitioners deducted on their joint Federal income tax return for 1976. In his notice of deficiency, respondent disallowed that $ 2,068.71 deduction. OPINION The issue presented is whether petitioner was carrying on a trade or business within the meaning of section 162 when she incurred certain education expenses. For reasons *303 stated below, we conclude petitioner was not carrying on a trade or business; therefore, the cost of her education is a personal expense nondeductible under section 262. Education expenses are deductible as ordinary and necessary business expenses under section 162 if the education maintains or improves skills required by the individual in his employment or other trade or business. Sec. 1.162-5 (a)(1), Income Tax Regs. Respondent makes no argument that the education does not maintain or improve petitioner's skills required in her employment or other trade or business. What respondent does maintain is that petitioner was not actively engaged in a trade or business when the claimed education expenses were incurred. In order for an expenditure to be deductible as a business expense, such expenditure must relate to activities which amount to the current carrying on of an existing trade or business. Koons v. Commissioner, 35 T.C. 1092 (1961). Whether activities carred on by an individual can be characterized as a trade or business is a question of fact, Higgins v. Commissioner, 312 U.S. 212, 217 (1941); Morton v. Commissioner, 174 F.2d 302 (2d Cir. 1949), *304 affg. a Memorandum Opinion of this Court, cert. denied 338 U.S. 828 (1949); Corbett v. Commissioner, 55 T.C. 884, 887 (1971), and petitioner has the burden of proving she was carrying on a trade or business. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). [2]
Petitioner argues that she is in the trade or business of being an "educator" by reasons of her teaching experience and her continued involvement in the education system in the form of her writing efforts. Thus petitioner maintains that, notwithstanding the fact that she has been absent from the classroom for four years, she is currently in the trade or business of an "educator" primarily on the basis of writing activities during this four year absence. Respondent contends that petitioner's activities, writing and teaching, cannot be aggregated into the trade or business of being an "educator." Respondent also maintains that petitioner was not carrying on a trade or business at the time she incurred the education expenses at issue herein. For the reasons below, we find for respondent. *305 We need not decide whether petitioner's writing and teaching activities should be considered separately or together in determining whether petitioner was carrying on a trade or business. Even if we accept petitioner's contention that her activities should be aggregated, we cannot find that those aggregated activities constituted a trade or business when she incurred the education expenses. [3]
In 1976 petitioner entered the University of Rochester to pursue *306 her doctorate degree and incurred the education expenses at issue. By that time petitioner had been absent from classroom teaching for four years. When petitioner voluntarily resigned her teaching position in 1972, she left employment under neither a formal leave to absence nor any informal arrangement providing for future employment either at the school she left or at any other school. It is clear that her employment terminated completely in 1972 and that she retained, at most, an intention to resume teaching at an indefinite date. Petitioner's reasons for leaving the classroom setting are made clear in the record. She made a personal choice motivated by family obligations. She gave birth to a child and followed her husband in his career pursuits. Petitioner admits that her professional activity was shaped by family limitations and that her children and her moves clearly made employment outside the home difficult. The family obligations had a similar effect on petitioner's other activities, namely her search for employment and her writing efforts. Petitioner's search for further employment was limited in both scope and effect. Petitioner made only abbreviated attempts *307 to secure employment. During the period after 1972 in which petitioner lived in San Francisco, she contacted California State University at San Francisco concerning positions as an extension teacher but was unsuccessful in obtaining employment. Petitioner considered further job applications to be futile given the tough job market at that time. During her six months of residence in Connecticut, petitioner was offered one job at a child development center but she refused the job primarily because she and her husband owned but one car and the commute would be too difficult. Petitioner offered no other evidence of employment applications during her four year absence from teaching. During the period immediately preceding petitioner's matriculation into the doctorate program at the University of Rochester and during which time her family obligations were foremost, petitioner's writing activities were likewise reduced. In this four year period, petitioner co-authored one manuscript and co-authored two learning games. Whereas petitioner introduced some proof, though indirect, concerning the extent of her involvement in writing projects prior to 1972, there is a noticeable lack of any *308 such proof as to the extent of petitioner's involvement in writing projects undertaken during the four year period after 1972. We know a manuscript and two learning games were completed by petitioner and co-author. However, the record is inadequate concerning the amount of time or work actually expended by petitioner or the extent of her co-author's involvement. Without such proof, we are unable to determine the degree of petitioner's involvement. In summary, we are not convinced that petitioner was engaged in a trade or business when she incurred the education expenses in issue. We in no way mean to imply that an active family person cannot be engaged in an active trade or business. However, in a case such as petitioner's, the facts concerning family obligations are certainly relevant. Those facts show the reasons behind a shorply reduced level of professional activity by petitioner, including her employment, her subsequent employment searches, and her writing activities. We cannot accept petitioner's contention that she was carrying on a trade or business within the meaning of section 162 during 1976. Therefore petitioner's education expenses are personal expenses nondeductible *309 under section 262. For the above reasons, Decision will be entered for respondent. Footnotes
1. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended.↩
2. All Rules references are to the Tax Court Rules of Practice and Procedure.↩
3. Without so holding, we express doubt as to the merits of petitioner's contention that she is in the trade or business of being an "educator" by aggregating both her teaching and writing activities. A taxpayer may carry on more than one trade or business at the same time. Curphey v. Commissioner, 73 T.C. 766, 775-776 (1980); Alverson v. Commissioner, 35 B.T.A. 482, 488 (1937). If substantial differences exist in the tasks and activities of various occupations or employments, then each such occupation or employment constitutes a separate trade or business. Glenn v. Commissioner, 62 T.C. 270 (1974). See also Davis v. Commissioner, 65 T.C. 1014↩ (1976).