**Allen C. CHAMBERLIN and Martha L. Chamberlin, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 00–4177.**

United States Court of Appeals, Second Circuit.

July 9, 2001.

Lorentz W. Hansen, White Plains, NY, for appellant.

Robert J. Branman, United States Department of Justice, Tax Division, Washington, DC; Claire Fallon, Acting Assistant Attorney General, and Frank P. Cihlar, on the brief, for appellee.

Present JACOBS, PARKER and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the Tax Court be, and it hereby is, AFFIRMED.

This case principally involves a dispute over whether Petitioner Allen C. Cham-

berlin legitimately deducted from his income taxes business bad debts stemming from uncollectible loans he had made to two corporations in the early 1980s.* The United States Tax Court (Cohen, J.) ruled that Petitioner could claim a bad debt deduction, but less than Petitioner sought, and agreed with the Commissioner that the bad debt was "nonbusiness" in nature, thereby impairing its utility in the tax years at issue: 1985 through 1993. We affirm.

## I.

Except as provided below, we assume familiarity with the facts of this case as set forth in the Tax Court's Memorandum Findings of Fact and Opinion. [JA 4–34] Petitioner, a doctor of orthopedic medicine, came to believe in the 1970s that the generic pharmaceutical industry was entering a period of strong, sustained growth. Seeking to capitalize on this opportunity, he invested heavily in two pharmaceutical companies in the early 1980s (he owned 85% of the stock in one of the companies and was Chairman of its Board). Much of his investment was in the form of unsecured loans. Both companies went bankrupt, as did Petitioner, who had leveraged his personal holdings in an effort to preserve his investment. In the end, Petitioner lost more than $6 million.

Petitioner delayed income tax returns for most of the years at issue (tax years 1985–1993) until late 1994 or 1995. When he did file, he sought to carry forward into 1985 and later years the losses he sustained from the bankruptcy of companies with which he had been associated. The Commissioner rejected this theory, and proposed deficiencies of income taxes and penalties totaling some $436,000.

Petitioner timely petitioned the Tax Court for redetermination of the asserted deficiencies and penalties. Following a tri-

al, the Tax Court entered a decision largely sustaining the Commissioner's determinations. On appeal, Petitioner challenges: (i) the Tax Court's ruling his bad debt losses nonbusiness variety; (ii) the amount of the nonbusiness bad debt deduction that the Tax Court allowed; (iii) the Tax Court's limitation on the amount of trial time afforded to Petitioner's case; and (iv) the Tax Court's finding that Petitioner was liable for failure to file and failure to pay penalties.

## II.

### 1. *Nature of the Debt*

■ Petitioner argues that he was "engaged in a trade or business," and that he is therefore entitled to treat his losses as business losses. The question as to whether a debt is business or nonbusiness in nature "requires an examination of the facts in each case," and is conclusive if "adequately supported by th[e] record." *Higgins v. Commissioner*, 312 U.S. 212, 217, 218, 61 S.Ct. 475, 85 L.Ed. 783 (1941). Accordingly, the Tax Court's determination of whether a debt is business or nonbusiness is reviewed for clear error. *See Morton v. Commissioner*, 174 F.2d 302, 303 (2d Cir.1949) ("The Tax Court gave consideration to the evidence of intention but was convinced that [Petitioner] was not engaged in farming for profit. We cannot hold that finding to be clearly erroneous.").

■ The Tax Court's determination that Petitioner's losses were deductible only as nonbusiness bad debts was not clear error. Applying *Commissioner v. Groetzinger*, 480 U.S. 23, 107 S.Ct. 980, 94 L.Ed.2d 25 (1987) and *Whipple v. Commissioner*, 373 U.S. 193, 83 S.Ct. 1168, 10 L.Ed.2d 288 (1963), the Tax Court correctly determined that Petitioner's losses were incurred in

---

* Mrs. Chamberlin is a party only because the Chamberlins filed joint income tax returns.

the course of his activities as an investor, not as a person "engaged in a trade or business." *Whipple*, 373 U.S. at 202–03, 83 S.Ct. 1168. Petitioner's claim that he was a "promoter" of health care corporations is arguably undercut by his trial testimony that he anticipated reaping long-term gains from his pharmaceutical investments because he foresaw a rosy future for generic drugs. And Petitioner's claim that he controlled his pharmaceutical business as a landlord (thereby converting his non-business shareholder losses into business debt) is inadequately supported by the record. Inasmuch as the record indicates that taxpayer used the Freedom Federal funds to purchase another pharmaceutical company, we conclude that the creation of the debt was dominantly motivated by his nonbusiness interest. *See United States v. Generes*, 405 U.S. 93, 101, 92 S.Ct. 827, 31 L.Ed.2d 62 (1972).

### 2. *Amount of Deduction*

Petitioner argues that the Tax Court erred in finding that he was entitled to a $450,000 nonbusiness loss deduction only. The Tax Court's findings of fact regarding the amount of a taxpayer's bad debt losses are reviewed for clear error. *See Delk v. Commissioner*, 113 F.3d 984, 986 (9th Cir. 1997); *Rapco, Inc. v. Commissioner*, 85 F.3d 950, 954 (2d Cir.1996).

■ The Tax Court's finding that Petitioner's allowable nonbusiness losses are limited to $450,000 was not clear error. Petitioner's trial testimony regarding how he disbursed proceeds (apart from the $450,000 that he immediately paid back to the lender) of the $1.75 million Freedom Federal loan was vague and arguably contradictory, and the documentary evidence presented at trial did not establish entitlement to additional deductions.

### 3. *Insufficient Trial Time*

Petitioner argues that the Tax Court denied him adequate time to present his case.

■ The manner in which a judge conducts a trial is reviewed for abuse of discretion. *See Hansen v. Commissioner*, 820 F.2d 1464, 1467 (2d Cir.1987). The Tax Court did not abuse its discretion in limiting the trial to one and one-half days. First, Petitioner has made no showing of what determinative evidence he was unable to introduce. Second, much of Petitioner's case was devoted to evidence purporting to establish a theft loss stemming from misrepresentations that induced Petitioner into investing in one of the bankrupt corporations—evidence that had little or no impact on the amount of income taxes and penalties owed to the IRS.

### 4. *Penalties for Late Filing and Late Payment*

■ Petitioner argues that the Tax Court erred in affirming the Commissioner's imposition of an additional tax as a penalty for failing to timely file tax returns from 1985 through 1993. He points out that he was involved in three bankruptcy proceedings, one of them his own, that he was receiving advice from a certified public account, and that, accordingly, his failure was due to "reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1). The Tax Court did not abuse its discretion in rejecting these excuses.

■ Failure to file a tax return on the date prescribed results in a mandatory penalty unless the taxpayer shows that the failure was due to reasonable cause and not willful neglect. *See id.; see also McMahan v. Commissioner*, 114 F.3d 366, 369 (2d Cir.1997). Generally, factors that constitute "reasonable cause" include unavoidable postal delays, death or serious

illness of the taxpayer or a member of his immediate family, or reliance on the mistaken legal opinion of a competent tax adviser, lawyer, or accountant that it was not necessary to file a return. *McMahan,* 114 F.3d at 369. Whether a factor constitutes "reasonable cause" for late filing under § 6651(a)(1) is reviewed de novo. Whether a factor is present in a particular case is reviewed for clear error. *Id.*

As noted by the Tax Court, Petitioner offered no evidence to show that his paid preparer was the cause of his failure to file federal income taxes in a timely manner. Moreover, the Tax Court appropriately relied on the fact that Petitioner is sufficiently educated to know (or should have known) that he was obliged to file taxes each year. *See United States v. Boyle,* 469 U.S. 241, 251, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985) ("[O]ne does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due.").