T.C. Memo. 2016-64

UNITED STATES TAX COURT

JAMES E. PHILBRICK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18384-12.                              Filed April 13, 2016.

James E. Philbrick, pro se.

<u>Scott W. Forbord</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

BUCH, <u>Judge</u>:  The Commissioner issued a notice of deficiency

determining a $19,361 deficiency and a $4,997 section 6651(a)(1) addition to tax

and a $3,872 section 6662(a) accuracy-related penalty with respect to James E.

[*2] Philbrick's Federal income tax for 2000.[1]  The deficiency relates to expenses reported on Mr. Philbrick's Schedule C, Profit or Loss From Business.  The issues for consideration are whether Mr. Philbrick may deduct certain Schedule C expenses; whether Mr. Philbrick is liable for a section 6651(a)(1) addition to tax for failure to timely file; and whether Mr. Philbrick is liable for a section 6662(a) accuracy-related penalty for an underpayment of tax attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax.

On the basis of the evidence presented at trial, we find that Mr. Philbrick did not satisfy his burden of proof for the disallowed Schedule C expense deductions.  We find that Mr. Philbrick is liable for a section 6651(a)(1) addition to tax because he failed to timely file his return and because he did not establish that his failure to timely file was due to reasonable cause and not willful neglect. Likewise, Mr. Philbrick is liable for a section 6662(a) accuracy-related penalty for an underpayment of tax attributable to a substantial understatement of income tax because the Commissioner established that Mr. Philbrick's understatement exceeded the greater of 10% of the tax required to be shown on the return or

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

[*3] $5,000 and because Mr. Philbrick did not establish that he had reasonable cause and acted in good faith with respect to any portion of the underpayment.

FINDINGS OF FACT

In 2000, the year in issue, Mr. Philbrick operated a business, Skyhawk Marketing, which he reported on Schedule C and which sold cable and installation services in seven Midwestern states. In 2000 Skyhawk Marketing's accountant and attorney, Paul Georgia, incorporated Skyhawk Marketing as Hawkeye Cable, Inc.

Mr. Philbrick did not file his 2000 Form 1040, U.S. Individual Income Tax Return, on the prescribed due date.

Sometime after the return in issue was required to have been filed, Mr. Georgia embezzled from Skyhawk Marketing and stole Mr. Philbrick's records, including the business records for Skyhawk Marketing. Although Mr. Philbrick made various attempts to retrieve the records, Mr. Georgia has not returned them.

Mr. Philbrick filed his 2000 Federal income tax return on October 27, 2009. Mr. Philbrick used a tax return preparation company and provided it with all documents still in his possession.

On his 2000 return Mr. Philbrick included a Schedule C for Skyhawk Marketing. Among other expenses reported, Mr. Philbrick reported legal and

[*4] professional expenses of $11,980, meals and entertainment expenses of $8,447, travel expenses of $13,156, repair and maintenance expenses for his vehicles of $11,294, and car and truck expenses of $15,074.

The Commissioner issued a notice of deficiency on April 19, 2012. For lack of substantiation, the Commissioner disallowed deductions for legal and professional services, meals and entertainment, travel, repairs and maintenance, and car and truck expenses. The Commissioner also made other correlative adjustments. Additionally, the Commissioner determined a section 6651(a)(1) addition to tax for failure to timely file and a section 6662(a) accuracy-related penalty.

While residing in Wisconsin, Mr. Philbrick timely petitioned.

OPINION

I. Burden of Proof

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving otherwise.[2] Although the burden may shift to the Commissioner under section 7491(a) if certain requirements are met, Mr. Philbrick has not claimed that the burden has shifted, and the record does not support shifting the burden to the Commissioner.

---

[2]Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

**[\*5]** The taxpayer bears the burden of proving that he is entitled to any deduction.[3] Additionally, the taxpayer must maintain sufficient records "to show whether or not such person is liable for tax".[4] And in some instances, heightened substantiation requirements may apply.[5] Regardless of whether these heightened substantiation requirements apply, Mr. Philbrick did not come forward with any evidence to show that he is entitled to deduct the disallowed Schedule C expenses. Accordingly, we sustain the Commissioner's determination to disallow a deduction for those expenses.

II.    Addition to Tax for Failure To File

Section 6651(a)(1) imposes an addition to tax for failing to timely file a Federal income tax return unless it is shown that the failure is due to reasonable cause and not due to willful neglect. The Commissioner bears the burden of production for this addition to tax before the burden shifts to taxpayers to prove

---

[3]Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

[4]Sec. 6001.

[5]See, e.g., sec. 274(d); see also Fleming v. Commissioner, T.C. Memo. 2010-60, 2010 WL 1222276, at \*2-\*3; sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

**[\*6]** that the addition to tax should not apply.[6] Mr. Philbrick filed his 2000 return on October 27, 2009. Therefore, the Commissioner met his burden.

A taxpayer is not liable for the addition to tax if he shows the lateness was due to reasonable cause and not due to willful neglect.[7] Mr. Philbrick did not provide any evidence that his lateness was due to reasonable cause and not willful neglect. And the theft of his records does not justify filing an untimely return when, as here, the records were stolen after the return was due.[8] Accordingly, Mr. Philbrick is liable for a section 6651(a)(1) addition to tax for failure to timely file.

## III. Accuracy-Related Penalty

Section 6662(a) and (b) imposes a 20% accuracy-related penalty on any portion of an underpayment of tax that is due to, among other things, any negligence or disregard of rules or regulations or a substantial understatement of income tax. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, and the term "disregard"

---

[6]See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

[7]Sec. 6651(a)(1); Higbee v. Commissioner, 116 T.C. at 446-447.

[8]See Chamberlin v. Commissioner, T.C. Memo. 2000-50, slip op. at 28, aff'd, 14 F. App'x 69 (2d Cir. 2001).

[*7] includes any careless, reckless, or intentional disregard.[9]  An understatement of income tax is "substantial" when that understatement exceeds the greater of 10% of tax required to be shown on the return or $5,000.[10]

The Commissioner bears the burden of production for these penalties before the burden shifts to taxpayers to prove that the penalty should not apply.[11]  Mr. Philbrick did not present the Commissioner with any evidence to substantiate his disallowed expenses, and we sustained the Commissioner's deficiency.  In doing so, Mr. Philbrick's understatement exceeds 10% of tax required to be shown on the return, which is greater than $5,000.  Therefore, Mr. Philbrick's understatement of income tax is substantial.  Accordingly, the Commissioner has met his burden of production for a substantial understatement of income tax.[12]

---

[9]Sec. 6662(c).

[10]Sec. 6662(d)(1)(A).

[11]See sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446-447.

[12]The negligence and substantial understatement penalties apply in the alternative.  Sec. 1.6662-2(c), Income Tax Regs.  Having determined that the substantial understatement penalty applies, we need not reach the issue of whether the negligence penalty would apply in the alternative.

**[\*8]**   The penalty does not apply to any portion of the underpayment where the taxpayer establishes that he had reasonable cause and acted in good faith.[13]  All of the pertinent facts and circumstances are taken into account in determining whether the taxpayer had reasonable cause and acted in good faith.[14]  A taxpayer may establish that he had reasonable cause and acted in good faith as a result of lost or stolen records.[15]  In Stewart v. Commissioner, T.C. Memo. 2010-184, the Court found that the taxpayer had reasonable cause and acted in good faith as a result of lost or stolen records for the portion of the expenses where the taxpayer maintained proper records to substantiate the expense, the taxpayer reasonably attempted to retrieve the records, and the taxpayer attempted to reconstruct the records.

Mr. Philbrick did not have a reasonable cause or act in good faith. Although Mr. Philbrick testified that he had an accountant for Skyhawk Marketing and the accountant took his records, he did not demonstrate that he maintained

---

[13]Sec. 6664(c)(1).

[14]Higbee v. Commissioner, 116 T.C. at 448; sec. 1.6664-4(b)(1), Income Tax Regs.

[15]Stewart v. Commissioner, T.C. Memo. 2010-184, 2010 WL 3239176, at *10; see also Allemeier v. Commissioner, T.C. Memo. 2005-207, 2005 WL 2092919, at *8.

**[\*9]** proper records before the records were stolen or attempt to reconstruct his records. Accordingly, Mr. Philbrick is liable for a section 6662(a) accuracy-related penalty.

On the record before us, we find that Mr. Philbrick failed to establish that he is entitled to deduct his Schedule C expenses. Mr. Philbrick is liable for a section 6651(a)(1) addition to tax because he has not established that his return was late due to reasonable cause and not willful neglect. Likewise, Mr. Philbrick is liable for a section 6662(a) accuracy-related penalty because the Commissioner established there was a substantial understatement and Mr. Philbrick did not establish that he had reasonable cause and acted in good faith.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.