## COFFEY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10804.

Circuit Court of Appeals, Fifth Circuit.

March 7, 1944.

C. E. Duncan, of Tavares, Fla., for petitioner.

Fred J. Neuland, Sewall Key, J. Louis Monarch, and Louise Foster, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen. and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John T. Rogers, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is a petition for review of a decision of the Tax Court, entered pursuant to an opinion reported in 1 T.C. 579. It involves petitioner's income tax for 1938, and presents three questions: (1) Whether petitioner was taxable upon dividends received on shares of stock that he had endorsed as gifts to his children in previous years; (2) whether he was entitled to deduct sums paid to his children in 1938 as interest for the use of dividends paid to him in 1937 upon the shares so endorsed; and (3) whether the cost of operating a small citrus grove located on the same premises as his residence was deductible.

The solution of the first two questions turns upon whether the taxpayer made completed gifts of the stock when the endorsements were executed, and the third question depends upon whether or not the citrus grove was operated as a business venture. These issues were resolved against the petitioner by the Tax Court.

The alleged gifts were made at intervals between 1922 and 1937. In each instance a third person was present to witness the writing of the endorsement by the taxpayer at the place designated for endorsements on the back of each certificate of stock. On each occasion the witness was told that the taxpayer was making gifts of the stock to his children. Thereafter the certificates were kept by the taxpayer, and prior to the close of the taxable year none of the shares had been transferred on the books of the company. Prior to 1938 all dividends paid on the stock were received by the taxpayer, were not segregated from the dividends paid to him on other stocks not so endorsed, were deposited in his personal bank accounts, and were reported as dividends received by him in his income tax returns.

In 1938, acting upon the advice of an accountant, the taxpayer for the first time be-

gan to treat the dividends from the shares as property of his children. He amended his 1937 tax return so as to eliminate as income the dividends collected by him on the shares, and he omitted from his 1938 return the dividends that he had collected on the shares in 1938 and had deposited in his personal bank accounts. On October 31, 1938, he executed promissory notes in favor of each child to cover the amount of the dividends theretofore collected by him upon the shares endorsed to each. These notes were kept by the taxpayer, no interest thereon was paid in 1938, and no principal payment was made prior to the hearing before the Tax Court. The interest item involved here was paid in 1938 as consideration for the use by the taxpayer of the dividends collected by him in 1937 upon the shares endorsed to the children.

■ These facts compel the conclusion reached by the Tax Court that no completed gift of the shares was made prior to the receipt of the dividends distributed in 1938. It is the general rule that in order to complete a gift the donor must do everything reasonably permitted by the nature of the property and the circumstances of the transaction in parting with all incidences of ownership.[1] Continued possession, dominion, and control over the subject matter of the gift and the fruits thereof afford ample basis for the taxation of the income to the donor.[2] Here the donor made no delivery, continued to exercise absolute dominion and control, and dealt with the income as if it were his own. He properly was held subject to income tax upon the dividends distributed to him in 1938.

■ The issue involving the deduction of expenses incurred in the operation of the citrus grove presents a much more doubtful question, but in this, too, we think the finding of the Tax Court was warranted by the evidence. The taxpayer's residence in Florida was located on a 6½-acre tract of land. There was a small orange grove on the property when he acquired it. He rehabilitated the grove in 1937, and in that year realized a profit from its operation in the sum of $167.71. In 1938 no income therefrom was reported; in 1939 there was a net loss; and in 1941 there was no income, and net losses were sustained. The taxpayer was a mining engineer. From 1911 through the taxable year he devoted his principal time and energies toward the pursuit of his profession and the management of mineral interests that he acquired through the years. His income therefrom in 1938 was approximately $160,000.

In his regulations the Commissioner properly recognized the distinction between property operated as a business venture and property used for recreation or as a hobby.[3] In the one instance the dominant motive is the realization of a profit; in the other the objective is pleasure or relaxation, and regular operation at a loss would have little effect upon continued operation. Considering the taxpayer's regular occupation and financial position, the size and character of the orchard, and the record of its operation over a four-year period, we think the Board correctly concluded that the greater emphasis was upon the cultivation of the orchard as an adjunct to the country estate, rather than as a business venture. These deductions properly were disallowed.

The decision of the Tax Court is affirmed.

[1] Edson v. Lucas, 8 Cir., 40 F.2d 398; Dulin v. Commissioner, 6 Cir., 70 F.2d 828; Weil v. Commissioner, 5 Cir., 82 F. 2d 561; Richardson v. Commissioner, 2 Cir., 121 F.2d 1; Allen-West Commission Co. v. Grumbles, 8 Cir., 129 F. 287.

[2] Cf. Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916; Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L. Ed. 731; Harrison v. Schaffner, 312 U. S. 579, 61 S.Ct. 759, 85 L.Ed. 1055; Jergens v. Commissioner, 5 Cir., 136 F. 2d 497.

[3] Article 22(a) 11 of Treasury Regulations 101, promulgated under the Revenue Act of 1938, provides: " * * * If a farm is operated for recreation or pleasure and not on a commercial basis, and if the expenses incurred in connection with the farm are in excess of the receipts therefrom, the entire receipts from the sale of products may be ignored in rendering a return of income, and the expenses incurred, being regarded as personal expenses, will not constitute allowable deductions."