Henry P. WHITE and Estate of Nancy A. White, Deceased, T. Leo Sullivan, Administrator, c.t.a., Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 12445.

United States Court of Appeals
Sixth Circuit.

Dec. 16, 1955.

Edgar S. Byers, Cleveland, Ohio, for petitioners.

Harry Marselli, Washington, D. C., (H. Brian Holland, Ellis N. Slack and Marvin W. Weinstein, Washington, D. C., on the brief), for respondent.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

We are asked by the petitioners to reverse a decision of the Tax Court upholding the Commissioner's disallowance of certain deductions taken by the petitioner husband (herein called the "taxpayer"), and his since deceased wife in their joint income tax returns for 1948 and 1949. At issue is the question whether expenses incurred in the operation of a ballistics laboratory owned by the taxpayer were ordinary and necessary expenses of a trade or business or losses in a transaction entered into for profit, and thus deductible under Section 23 of the Internal Revenue Code of 1939.[1] The Tax Court held that they were not.

The taxpayer was graduated from Cornell with an engineering degree in 1934. Thereafter for a short period he sold automobiles and later worked in a bank. In 1935 he became the beneficiary of a

---

1. "§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions: (a) [as amended by Sec. 121, Revenue Act of 1942, c. 619, 56 Stat. 798] *Expenses.*—(1) *Trade or business expenses.*— \* \* \* (e) *Losses by Individuals.*—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—(1) if incurred in trade or business; or (2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or \* \* \*." 26 U. S.C., 1952 ed., § 23.

large inheritance, and in 1936 opened a ballistics laboratory in Cleveland, specializing in guns and ammunition research. Subsequent to the taxable years involved a new laboratory was established in Bel Air, Maryland, at a cost of $300,000.

■ In 1948 the petitioner reported gross income from the laboratory of about $700 and expenses of about $19,-000. In 1949 gross income of about $2,-500 and expenses of over $21,000 were reported. The Tax Court found that the taxpayer did not operate the laboratory as a business or with the intent of making a profit during these years, and that its expenses were neither ordinary and necessary business expenses nor losses within the meaning of Section 23 of the 1939 Code. These were factual findings which unless clearly erroneous we cannot disturb. United States v. United States Gypsum Co., 1948, 333 U.S. 364, 394, 68 S.Ct. 525, 92 L.Ed. 746.

■ The evidence showed that the laboratory sustained substantial net losses during every one of the seventeen years from the date of its inception in 1936 to the time of the Tax Court hearing in 1953. More important, there was no evidence of any reasonable possibility of the laboratory's ever generating gross income sufficient to offset its expenses. In the light of this and the other evidence of record, we think the Tax Court's findings were not clearly erroneous, and that its resultant decision was correct.

■ It is true, as the Tax Court took pains to point out, that the taxpayer through this ballistics laboratory performed worthy and useful services for private industry and for the federal government. The essential that was missing, however, was a profit motive on the part of the taxpayer. Thacher v. Lowe, D.C.S.D.N.Y.1922, 288 F. 994; Coffey v. Commissioner of Internal Revenue, 5 Cir., 1944, 141 F.2d 204; Morton v. Commissioner of Internal Revenue, 2 Cir., 1949, 174 F.2d 302, 303; Ewing v. Commissioner of Internal Revenue, 2 Cir., 1954, 213 F.2d 438. It is that which distinguishes this case from those cited by the petitioners, where the taxpayers' activities were perhaps less worthy, but where a profit motive could reasonably be found to exist. Commissioner of Internal Revenue v. Widener, 3 Cir., 1929, 33 F.2d 833; Whitney v. Commissioner of Internal Revenue, 3 Cir., 1934, 73 F. 2d 589; Farish v. Commissioner of Internal Revenue, 5 Cir., 1939, 103 F.2d 63.

The decision of the Tax Court is affirmed.