WILLIAM HERBERT BROWN AND MARY F. BROWN (HUSBAND AND WIFE), PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Dockets Nos. 52128, 55505. Filed January 31, 1956.

*Harry C. Avery, Esq.*, and *Loren E. Massey, Esq.*, for the petitioners.

*Urban C. Bergbauer, Jr., Esq.*, for the respondent.

922

**OPINION.**

Rice, *Judge:* Petitioners argue that a cash gift of $32,500 was made by William H. Brown to his two children on September 8, 1947; that such cash was used to redeem the 74 notes which the 1937 deed of

trust secured; and that the subsequent exchange of such notes for petitioner's personal notes in 1949 resulted in a bona fide debt owed by him to his children, on which petitioners are entitled to deduct interest payments made during the years in issue.

In support of his determination disallowing such deductions, the respondent argues that the substance of the transactions created no bona fide debt and that the notes held by petitioners' children were mere promises on petitioner's part to make gifts to them sometime in the future and that such gifts were, in fact, made in 1954, when the notes were paid, and, hence, that the alleged interest payments deducted by petitioners on their returns in 1951 and 1952 were not interest payments on bona fide debts but were gifts to the children.

The transactions here in question are subject to rigid scrutiny since they were not arm's-length transactions as between strangers but took place between William H. Brown as the donor of alleged gifts to his children on the one hand, and himself as their guardian and custodian of the gifts, on the other. *Commissioner* v. *Culbertson*, 337 U. S. 733 (1949); *William Francis Mercil*, 24 T. C. 1150 (1955). Subjecting the transactions before us to the scrutiny which they merit convinces us that the respondent's determination was correct and that the petitioners' argument to the contrary does not square with the facts of record.

We think it clear that petitioner made no gift of cash to his children on September 8, 1947. His intent to make such a gift to them on that day, as evidenced by Lippelmann's acknowledgment of the receipt of the checks, and petitioners subsequent filing of a gift tax return, does not establish a valid, bona fide gift of cash because petitioner retained complete control over his funds and paid such funds directly to Lippelmann for the purpose of redeeming the 74 notes secured by the 1937 deed of trust. *R. C. Coffey*, 1 T. C. 579 (1943), affd. 141 F. 2d 204 (C. A. 5, 1944); *Marian Bourne Elbert*, 45 B. T. A. 685 (1941); and *F. Coit Johnson*, 33 B. T. A. 1003 (1936), affd. 86 F. 2d 710 (C. A. 2, 1936). Those 74 notes were no more than his promise to make a gift to them at some future time. That is equally true of his 2 personal notes which replaced the 74 notes in 1949. No consideration passed from the children to petitioner and hence, no valid debt was owed by petitioner to his children. It therefore follows that petitioners are not entitled to deduct the amounts purportedly paid as interest in 1951 and 1952 under the provisions of section 23 (b). *Marian Bourne Elbert, supra; Julius G. Day*, 42 B. T. A. 109 (1940), affd. 121 F. 2d 856 (C. A. 2, 1941); *Irene W. Johnson*, 39 B. T. A. 702 (1939), affd. 108 F. 2d 104 (C. A. 8, 1939); *F. Coit Johnson, supra; Sand Springs Railway Co.*, 21 B. T. A. 1291 (1931); and *Simon Benson*, 9 B. T. A. 279 (1927).

*Decisions will be entered for the respondent.*