**Kerns WRIGHT and Margaret A. Wright, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 13924.**

United States Court of Appeals Sixth Circuit.

Feb. 20, 1960.

Kerns Wright, Van Wert, Ohio, for petitioners.

Sharon L. King, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before SIMONS, MILLER and CECIL, Circuit Judges.

PER CURIAM.

The single question presented on this appeal from the Tax Court is whether the petitioners were engaged in a trade or business as defined by section 162(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 162(a).

The petitioners accept the "findings of fact" made by the Tax Court (31 T.C. 1264). Kerns and Margaret A. Wright

9. United States v. Hoyland, 7 Cir., 264 F.2d 346, 352, overruling La Fever v. United States, 7 Cir., 257 F.2d 271.

had a son in the Armed Forces stationed in Japan, who had married a Japanese girl. They conceived a trip to be made in the early part of 1954 to visit the son and his bride. It seemed logical to take this opportunity to make a trip around the world, since it would be as easy to complete the circuit as it would be to traverse the same route twice from Ohio to Japan.

They further conceived the idea of writing a travel book about the reactions of an average American woman to places and events during such a trip. The book was to be entitled "Margaret's Diary". They made inquiry about such a project before leaving and worked diligently at it during the entire trip. In the evening Mr. Wright would usually write a preliminary draft of the day's events and then Mrs. Wright would rewrite, revamp and recheck this material.

The petitioners spent three months in their travels during which time they visited their son and his wife for four days and also visited many places of interest throughout the world. After returning home they devoted three months to preparing a manuscript for publication.

The book was rejected by the publishers and Mr. Wright returned to his law office where he enjoyed a lucrative practice. He earned substantial income during the six months he devoted to his law business in the year of their travels.

The petitioners deducted the expenses of their trip and the costs of preparing the manuscript as a business expense from their income for the year 1954. The deduction was disallowed and the Tax Court held that they were not engaged in a trade or business as authors.

The court found that there were other apparent motives in making the trip aside from writing a book for profit.

The trial court made reference to the facts that the petitioners had no previous experience in this type of writing and that they had not attempted any other writing since returning home. We do not consider these facts coupled with the fact that the book failed of publication necessarily mean that they could not be engaged in such a trade or business.

■ The question presented here is a factual one and must be determined from a consideration of all the facts and circumstances connected with the trip of these petitioners. Higgins v. Commissioner of Internal Revenue, 312 U.S. 212, 217, 61 S.Ct. 475, 85 L.Ed. 783; Morton v. Commissioner of Internal Revenue, 2 Cir., 174 F.2d 302, 303, certiorari denied 338 U.S. 828, 70 S.Ct. 77, 94 L.Ed. 503.

The Tax Court made ample "findings" and the facts so found are not in dispute. From these facts the court determined that the taxpayers were not engaged in a trade or business.

■ We consider the inferences and conclusions of the trial judge to be logical and reasonable and not clearly erroneous. Rule 52(a) F.R.Civ.P., 28 U.S. C.A. being applicable the decision of the Tax Court will not be disturbed. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746; McAllister v. United States, 348 U.S. 19, 20, 76 S.Ct. 6, 99 L.Ed. 20; Central Ry. Signal Co. v. Longden, 7 Cir., 194 F.2d 310, 318; Wise v. Commissioner of Internal Revenue, 6 Cir., 260 F.2d 354.

The judgment of the Tax Court is affirmed