## Lansdale Borough v. Sorentino

*Pearlstine, Salkin & Hardiman*, for plaintiff.
*James R. Caiola*, for defendant.

FORREST, P. J., November 3, 1965.—. . . The matter presently before this court arises by virtue of a complaint in equity, filed by the Borough of Lansdale, to enjoin Anthony Sorentino, defendant, from raising

pigeons on his property at 311 West Eighth Street, in said borough. The property is located in a "C" residential district of the borough, and plaintiff-borough alleges that Sorentino, in violation of the borough zoning ordinance, is raising pigeons commercially in that district. It is further alleged that the keeping of pigeons by defendant is a public nuisance, due to the noise, odors and pigeon droppings on the premises. The borough has repeatedly asked defendant to refrain from this alleged violation, and defendant has refused to comply with the borough's requests.

Defendant has claimed that the raising of pigeons is a hobby, rather than a commercial enterprise, and that the sale of small squabs was undertaken merely to defray expenses of feeding and spraying the birds. Defendant admits that for the purposes of income tax reporting and the chance to obtain maximum tax benefits for the expense of maintaining the pigeons, he has reported the pigeon project as a commercial enterprise, on the advice of his accountant. However, at no time has defendant ever treated this hobby as a business, and he has operated with a deficit in each year, despite his limited sales.

Plaintiff has pressed the argument that losses incurred in the operation of a "hobby" are not deductible under the Internal Revenue Code. It is suggested that by reporting this "hobby" as a business for income tax purposes, it must be so treated in zoning matters. This court cannot adopt this theory. First, the characterization of an endeavor for the purposes of income tax reporting is not binding in determining zoning considerations. Secondly, the Internal Revenue Code and interpretative cases thereunder recognize a distinction between a "business venture" and a "hobby". In the former, the dominant motivation is the realization of a profit, while the objective of a "hobby" is pleasure or relaxation: Coffey v. Commissioner of Internal Rev-

enue, 141 F. 2d 204 (1944) ; Hirsch v. Commissioner of Internal Revenue, 315 F. 2d 731 (1963).

It seems clear that in light of defendant's testimony concerning his intention in keeping the pigeons and the continued operation, despite losses every year, certainly this is a "hobby" with defendant, rather than a "business venture". Since the raising of pigeons is a hobby in this instance, it is an accessory use and permissible under the zoning ordinance. There is no need to discuss whether such use is a permissible home occupation, since it is not an occupation at all.

Plaintiff also alleges that Sorentino's keeping of pigeons constitutes a public nuisance under the borough ordinance. More particularly, it is argued that such behavior violates section 2(a) of ordinance No. 306, as amended by ordinance No. 531. This section prohibits the keeping or handling of fowl under such conditions or lack of control that by barking, crowing or otherwise, the birds disturb the peace and quiet of the neighborhood, and that such behavior constitutes disorderly conduct.

To substantiate the claim that Sorentino's pigeons were disturbing the community, plaintiff presented defendant's next door neighbor, Michael Minnucci, who testified that he was bothered by odors and noises. This testimony was the only evidence presented from persons in the neighborhood concerning the disturbances, although the borough also presented the building inspector and the deputy health inspector, who also testified as to the noise and odors. Throughout the testimony of defendant's neighbor, there was a slight indication that he and defendant were involved in a neighbor's quarrel, and this feeling might have influenced his testimony. On the other hand, defendant presented Roy Vaneman, another neighbor, who testified that he was not disturbed by defendant's hobby.

The two ordinances herein allegedly violated restrict

themselves to disturbances in the "immediate neighborhood". The "immediate neighborhood" contemplates disturbance to the area generally, and more is necessary than the testimony of one member thereof to prove a certain activity disturbs the neighborhood. This is especially true where there is a hint of ill feeling between defendant and the witness testifying as to the disturbance. Further, where another member of the immediate neighborhood testifies that there is no disturbance, plaintiff's burden of proving a public nuisance has not, in these circumstances, been met.

It must be remembered in cases of this sort that attempts to unreasonably restrain an individual's fundamental right to use his land as he chooses are not favored in the law: Andress v. Zoning Board of Adjustment, 410 Pa. 77 (1963). Restrictions imposed on the use of land by zoning ordinances must be strictly construed: Munhall Borough Council Appeal, 175 Pa. Superior Ct. 320 (1954); Lord Appeal, 368 Pa. 121 (1951). Further, attempts to impose restrictive uses on property owners by asserting that the activities conducted are a public nuisance require a demonstration that the activity so conducted is, in fact, a public nuisance. A public nuisance is an offense to the public, rather than to a particular individual, and is common to all the neighborhood: 28 P. L. Encyc. Nuisance, §61.

Since the keeping of pigeons has been determined to be a "hobby" in this situation, and no public nuisance has been shown, the injunctive relief prayed for by the borough is denied. . .

DECREE NISI

And now, November 3, 1965, the complaint in equity filed by the Borough of Lansdale is dismissed, and the prayer for injunctive relief is denied.

The costs of this litigation are to be borne by the Borough of Lansdale.