THERESA ASTA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Asta v. Commissioner
Docket No. 2629-74.
United States Tax Court
T.C. Memo 1976-109; 1976 Tax Ct. Memo LEXIS 293; 35 T.C.M. (CCH) 492; T.C.M. (RIA) 760109; April 7, 1976, Filed Theresa Asta, pro se. Andrew B. Shaffer, for the respondent. HALL HALL, Judge: Respondent determined a deficiency in petitioner's 1970 Federal income tax of $214.73. The two issues for decision are: (1) whether certain research expenditures incurred by petitioner are deductible as business expenses, educational expenses or research expenses, and (2) whether such expenditures, if allowable, are deductible from gross income or only from adjusted gross income. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner, Theresa M. Asta, filed an income tax return as a single individual in 1970. At the time she filed her petition, she resided in Grand Rapids, Michigan. Petitioner held several jobs in 1970. From January to March 1970, she was employed full-time as a systems and procedures analyst for the City of Grand Rapids. From January to June 1970, she also taught evening courses in subjects related to business machines. Her immediate employer for these courses was the Board of Education of Grand Rapids, although the funding came from the Federal government. From September *295 to December 1970, petitioner was employed as a substitute teacher by the Board of Education of Grand Rapids. Petitioner had no other employment in 1970. In 1969, petitioner was awarded a Master's degree from Western Michigan University. As part of her work for that degree, she began research into the general area of occupational classifications. From June to August 1970, a period of time during which she was otherwise unemployed, she continued this research on a full-time basis. This research was not related to her employment in 1970, either as a substitute teacher or as a systems analyst. None of her employers required her to engage in this research. Petitioner has received no compensation for this research. She also has not attempted to find a buyer or publisher for her research. Petitioner filed her individual income tax return for 1970 with respondent on December 22, 1972. In that return she reported gross income of $4,331.26 and claimed $1,135.62 of business expenses, composed mainly of automobile expenses, and $922.85 of itemized deductions. On March 5, 1973, petitioner filed an amended return for 1970. In that return she reported the same amount of gross income but increased *296 business expenses to $2,333.73 and decreased itemized deductions to $182.81. OPINION Petitioner contends that she is entitled to deduct the expenses incident to certain research she is pursuing. Respondent argues that petitioner's expenses are not business related, that she has failed to substantiate these expenses, and that, if they are deductible, they are only deductible as personal itemized deductions. We agree with respondent's first two contentions and thus do not reach his third contention. Petitioner argues that her expenses are deductible under sections 62, 162 or section 212. [1] These sections, however, do not aid petitioner. Section 62 does not create any deductions. It merely specifies which of the deductions otherwise provided in Chapter 1 of the Code shall be allowed in computing adjusted gross income. Section 1.62-1(b), Income Tax Regs. Petitioner is no more fortunate under sections 162 or 212. A common requirement of both sections is that petitioner must be engaged in a profit-oriented activity. The taxpayer must have at least a good faith expectation of economic gain. Carkhuff v. Commissioner,425 F. 2d 1400, 1404 (6th Cir. 1970), affg. *297 a Memorandum Opinion of this Court; Margit Sigray Bessenyey,45 T.C. 261 (1965), affd. 379 F. 2d 252 (2d Cir. 1967), cert. denied 389 U.S. 931 (1967); Kerns Wright,31 T.C. 1264 (1959), affd. percuriam274 F. 2d 883 (6th Cir. 1960); Henry P. White,23 T.C. 90 (1954), affd. 227 F. 2d 779 (6th Cir. 1955), cert. denied 351 U.S. 939 (1955). Under both section 162 and section 212, petitioner must carry the burden of proof. Francis X. Benz,63 T.C. 375, 382 (1974). Petitioner, however, has simply failed to present any credible evidence from which we could infer a good faith expectation of gain. Unlike Stern v. United States, an unreported case ( C.D. Cal. 1971, 27 A.F.T.R. 2d 71-1148, 71-1U.S.T.C. [*] 9375), petitioner has not submitted any evidence that she has earned any money from writing in the past or has prospects of compensation in the future. She has admitted that she has not attempted to sell her research. Her testimony as to her hopes for future compensation was, at best, vague and contradictory. As this Court indicated *298 in Henry P. White,supra at 94, "[the] gratification derived from an occupation worth doing, possibly beneficial to others and probably requiring long hours of arduous labor, must still not be confused with an intention to return a profit." Furthermore, petitioner has failed to submit any evidence substantiating any of the deductions she is claiming.
Petitioner also claims that she is entitled to deduct her expenditures as educational expenses under section 162. To be so entitled, she must show either (1) that the expenses maintain or improve skills required by her in her employment or (2) that the expenses were incurred due to the express requirements of her employer or applicable law. Section 1.162-5(a), Income Tax Regs. Petitioner has failed to show that she comes within either category. We have found as a fact that her research neither maintained her skills as a systems analyst or as a substitute teacher nor was a requirement of any employer. Petitioner further argues she comes within the protection of section 174. That section allows a deduction *299 for research and experimental expenditures paid or incurred in connection with a trade or business. The regulations under that section, however, clearly exclude petitioner: "The term 'research or experimental expenditures', as used in section 174 * * * does not * * * include expenditures paid or incurred for research in connection with literary, historical, or similar projects." Section 1.174-2(a)(1), Income Tax Regs. See Rev. Rul. 73-395, 1973-2 C.B. 87. Furthermore, even though we note that the trade or business requirement in section 174 is not as narrow as that in section 162, Snow v. Commissioner,416 U.S. 500, 502-503 (1974), petitioner has failed to offer any evidence relating her research to any trade or business. We conclude that petitioner's research expenses are either of a personal nature, and thus disallowed under section 262, or a capital expenditure, and thus disallowed under section 263. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩