T.C. Memo. 1996-67


UNITED STATES TAX COURT


ANTHONY RANCIATO AND LUCILLE RANCIATO, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 27159-91.            Filed February 20, 1996.


William M. Bloss and Jonathan S. Katz, for petitioners.

John Aletta, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION

LARO, Judge:  The case is before the Court on remand from
the Court of Appeals for the Second Circuit.  The Court of
Appeals questioned our analysis in Ranciato v. Commissioner, T.C.
Memo. 1993-536 (Ranciato I), in which we held that petitioner's
pet store was not an activity entered into for profit during the

[*] This opinion supplements Ranciato v. Commissioner, T.C.
Memo. 1993-536.

years in issue. According to the Court of Appeals, "Because it appears that the Tax Court gave undue weight to the sloppy operation of the business, while failing to consider other probative factors, we remand for a more complete consideration of the relevant circumstances." Ranciato v. Commissioner, 52 F.3d 23, 24 (2d Cir. 1995), vacating and remanding T.C. Memo. 1993-536. The Court of Appeals referred to four facts, an analysis of which we did not include in Ranciato I. The facts were: (1) Petitioner was a middle-class wage earner, (2) his losses were "actual", (3) his store had prior years of profit, and (4) he had previously moved his store's location. Ranciato v. Commissioner, 52 F.3d at 26-27.

We have reconsidered the facts of this case, heeding Ranciato v. Commissioner, 52 F.3d at 23, and are left with a firm belief that petitioner did not operate his store during the subject years with the requisite profit intent. Accordingly, we adhere to our holding in Ranciato I.

Section references, unless otherwise stated, are to the Internal Revenue Code in effect for the taxable years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. We use the term "petitioner" to refer solely to Anthony Ranciato; Lucille Ranciato is a party mainly because she filed joint Federal income tax returns with Anthony Ranciato during the subject years.

## Background

We incorporate herein the facts in Ranciato I and repeat only the facts that are necessary for our discussion.

## Discussion

Section 183 limits the deductions for an activity not entered into for profit. Sec. 183(b). Whether an individual engages in an activity for profit depends on whether he or she "[entertains] an actual and honest, even though unreasonable or unrealistic, profit objective in engaging in the activity." Ranciato v. Commissioner, 52 F.3d at 25 (citations omitted). Whether a taxpayer conducts an activity with the requisite profit intent rests on the facts of the case. Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). More weight is given to the objective facts than to an individual's subjective expression of his or her intent. Sec. 1.183-2(a), Income Tax Regs. Because respondent determined that petitioner's pet store was an activity not engaged in for profit, the burden of proof is on petitioner. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

In deciding whether an activity is engaged in for profit, we are aided by the following nonexclusive factors: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his or her advisor; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the

expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on similar or dissimilar activities; (6) the taxpayer's history of income or losses in the activity; (7) the amount of occasional profits, if any, that are earned; (8) the financial status of the taxpayer; and (9) the elements of personal pleasure or recreation. Sec. 1.183-2(b), Income Tax Regs. None of these factors is dispositive, in and of itself, and a decision does not rest on the number of factors satisfied. Golanty v. Commissioner, supra at 426; sec. 1.183-2(b), Income Tax Regs. We assess these factors with the aid of common sense, bearing in mind how the relevant statutory scheme was meant to apply to the facts at hand. Ranciato v. Commissioner, 52 F.3d at 25-26.

We turn to the nine factors, discussing them one at a time. We also discuss other considerations that we find to be relevant in reaching our holding herein.

### 1. Manner in Which the Activity Is Conducted

We consider the manner in which petitioner conducted his store. Sec. 1.183-2(b)(1), Income Tax Regs. Objective facts showing that a taxpayer carries on an activity in a businesslike manner are indicative of a profit intent.

In several respects petitioner did not conduct his store in a businesslike fashion. He was responsible for keeping the store's records, but they were haphazard and incomplete. He kept

no record of the store's inventory, even though it was a retail establishment. He did not know such basic business information as the store's gross profit percentage or in what years the store had earned a profit. He did not advertise to a significant extent. He did move the situs of his store several times, the last change of location occurring in the early 1980's; however, we do not find that any of these moves establishes a profit intent during the subject years. There is no evidence that petitioner considered moving his store during any of the years of consecutive losses following his last move in the early 1980's, nor that he otherwise altered his operation of the store during such years in an effort to make it profitable

This factor supports respondent's determination.

### 2. Expertise of Petitioner

We consider the expertise of petitioner with respect to his store. Sec. 1.183-2(b)(2), Income Tax Regs. A taxpayer's expertise, research, and study of an activity, as well as his or her consultation with experts, may show a profit intent with respect thereto. Id. In preparing for an activity, a taxpayer need not make a formal market study, but he or she should undertake a basic investigation of the factors that would affect the activity's profitability. Underwood v. Commissioner, T.C. Memo. 1989-625; Burger v. Commissioner, T.C. Memo. 1985-523, affd. 809 F.2d 355 (7th Cir. 1987).

Petitioner did not undertake a basic investigation of the factors that would affect his store's profitability. Petitioner did not establish that he was an expert in the store's business, or that he prepared to enter its business through study of its practices or by consultation with experts. Petitioner did not establish that his mother, who did most of the store's work, was motivated by business objectives.

This factor supports respondent's determination.

3. Time and Effort Spent in Conducting the Activity

We consider the time and effort spent by petitioner in operating his store. Sec. 1.183-2(b)(3), Income Tax Regs. The fact that a taxpayer devotes much of his or her own time to an activity may indicate a profit intent, if the activity does not have a substantial element of recreation. The failure of a taxpayer to devote substantial time to an activity may weigh against a profit motive, unless, for example, the taxpayer employs capable personnel to conduct the activity in his or her stead. Employing capable personnel shows a profit intent. Id.

In Ranciato I, we found that the record did not show that petitioner spent significant time at the store. On appeal, the Court of Appeals for the Second Circuit stated that "We think it relevant in determining * * * [petitioner's] intent * * * that his mother devoted substantial time to * * * [the store]."

_Ranciato v. Commissioner_, 52 F.3d at 27 n.6.  Petitioner's mother generally spent 35 to 40 hours per week at the store.

We agree with the Court of Appeals that the time spent by a third party in a taxpayer's activity may be relevant in determining the taxpayer's intent with respect thereto.  We do not believe, however, that the instant case is such a case.  We think that petitioner "employed" his mother at the store to provide her with a pleasurable pastime in a family project that was operated without regard for profitability.  Given the fact that petitioner's mother operated the store on a full-time basis for at least 26 years without pay (i.e., from 1962 through 1987), we can only assume that she reaped personal pleasure from her full-time efforts.  See _Ballich v. Commissioner_, T.C. Memo. 1978-497.  We also believe that petitioner derived enjoyment and satisfaction from the knowledge that his mother was "gainfully employed" in a valued family project regardless of whether the store operated at a profit.

This factor supports respondent's determination.

### 4.  Expectation That the Assets Will Appreciate in Value

We consider the expectation that assets used in petitioner's store would appreciate in value.  Sec. 1.183-2(b)(4), Income Tax Regs.  The term "profit" includes the appreciation in the value of assets used in an activity.  _Id._

Petitioner has not established that he expected his store's assets to increase in value. Indeed, the value of the store's inventory decreased over time.

This factor supports respondent's determination.

### 5. Taxpayer's Success on Similar or Dissimilar Activities

We consider petitioner's success on similar or dissimilar activities. Sec. 1.183-2(b)(5), Income Tax Regs. Although an activity is unprofitable, we may take into account whether the taxpayer previously converted similar activities from unprofitable to profitable enterprises. Id.

Petitioner was an electrician and a real estate agent. He has not established that he experienced any success in a similar or dissimilar activity.

This factor supports respondent's determination.

### 6. An Activity's History of Income and/or Losses

We consider petitioner's history of income and/or losses with respect to his store. Sec. 1.183-2(b)(6), Income Tax Regs. Losses continuing beyond the period customarily required to make an activity profitable, if not explainable, may indicate that the activity is not engaged in for profit. Although a series of losses at the beginning of an activity does not necessarily mean that the activity was not entered into for profit, such a string of losses weighs against a profit intent absent unforeseen or fortuitous circumstances beyond the taxpayer's control (e.g.,

fire, disease, theft).  A series of years of net income, on the other hand, is "strong evidence" that an activity is engaged in for profit.  Id.  Indeed, an activity that is not horse-related is presumed to be engaged in for profit if the activity is profitable in at least 2 of 5 consecutive years.  Sec. 183(d).**  Horse-related activities are presumed to be engaged in for profit when the activity is profitable for at least 2 of 7 consecutive years.  Id.

Petitioner claimed net losses of $27,377, $27,795, and $20,976 from the store on his 1985, 1986, and 1987 Federal income tax returns, respectively.  These losses offset gross income of $66,942, $33,488, and $44,221.  Petitioner has not established that any of these losses was due to unforeseen or fortuitous circumstances beyond his control.

The Court of Appeals for the Second Circuit observed that our Memorandum Opinion in Ranciato I did not discuss the profitable chapter of the history of petitioner's store.  In Ranciato I, we found that the store "showed a profit in its early years".  We did not regard this finding, however, as a decisive factor in petitioner's favor.  First, we know that petitioner's store reaped a profit in its "early years", but we do not know the specific years in which the store had a profit, or the

---

**  This standard was changed to 3 out of 5 years for taxable years beginning after Dec. 31, 1986.

amounts of these profits. We find petitioner's testimony with respect thereto, which was the only evidence that petitioner presented as to the amounts and years of the early years' profits, to be inconsistent and vague. For example, petitioner testified that his store earned approximately $225,000 to $275,000 in the early 1960's. He also testified, however, that: (1) These earnings were gross receipts, rather than net profits, (2) he did not know the store's net profit for any of its years, and (3) with the exception of 1962 through 1965, he did not know the specific years in which the store earned a profit. Accordingly, we are unable to conclude that petitioner's store profited in each of its years from 1962 until 1979, although petitioner's testimony established that the store earned a profit from 1962 through 1965, and his testimony indicates that the store may have earned a profit in other years prior to 1980.

In our view, the profits made by the store from 1962 through 1965 have only limited weight in determining whether petitioner had a profit motive during the subject years, over 20 years later. It is clear that the store sustained consistent losses beginning at least as early as 1980. Petitioner offered no evidence at trial, other than his self-serving testimony, to support his assertion that he anticipated his pattern of losses would change. He offered no analysis of when he anticipated the

losses would stop, nor of how the store would alter its methods of operation in order someday to reap a profit.

Thus, even if we were to assume that petitioner had a profit objective before the subject years, we would still not be persuaded that he retained this objective during the subject years. In order to escape the grasp of section 183, it is not enough to have a profit intent before the years in dispute. The taxpayer must possess the required intent during the year in issue. Sec. 1.183-2(b), Income Tax Regs.; see also Dennis v. Commissioner, T.C. Memo. 1984-4; Daugherty v. Commissioner, T.C. Memo. 1983-188.

This factor supports respondent's determination.

### 7. Amount of Occasional Profits

We consider the occasional amount of profits, if any, from the subject activity. Sec. 1.183-2(b)(7), Income Tax Regs. For the reasons stated immediately above, we hold that this factor favors respondent's determination.

### 8. Financial Status of Taxpayer

We consider petitioners' financial status. Sec. 1.183-2(b)(8), Income Tax Regs. Substantial income from sources other than an activity, particularly if the activity's losses generated substantial tax benefits, may indicate that the activity is not engaged in for profit. This is especially true where there are personal or recreational elements involved. Id.

As observed by the Court of Appeals for the Second Circuit in Ranciato v. Commissioner, 52 F.3d at 25-26, the legislative history to section 183 shows a particular concern for "wealthy individuals" trying to shelter their income with unrelated paper losses. The Court of Appeals also observed that petitioner is a "solid middle-class wage earner" with "actual" losses. Id. The Court of Appeals noted that this Court's Memorandum Opinion in Ranciato I did not discuss these factors and that they are indicative of a profit intent. Id. at 27.

We agree with the Court of Appeals for the Second Circuit that the wealth of an individual is a fact to consider in determining the applicability of section 183. We also agree with the Court of Appeals that another fact to consider is whether an activity is entered into primarily to create paper losses to shelter unrelated income. We do not believe, however, as implied by petitioner in his brief, that section 183 applies only to wealthy individuals who engage in financially unprofitable activities to create "paper" losses that may be offset against unrelated income.

Turning to the facts at hand, we find that petitioner reported significant taxable income during the subject years from sources other than the store. His ability to earn this income let him finance his store, and it allowed him to use the store's losses to reduce significantly his income tax liability for each

year.  Although petitioner was a "middle-class taxpayer" whose losses were "actual", we are not persuaded that his motive for operating the store during the years involved here was to make a profit.  He derived a personal benefit from the store in part because his mother was able to spend her leisure time there.  If petitioner were truly profit motivated, we expect that the store's recurring losses would have persuaded him to change his business practices.  Instead, petitioner continued to spend more money and incur additional losses.  Regardless of his income level, we doubt that he would willingly engage year after year in this unprofitable activity unless he had a motive other than profit.  We infer that he kept the store open because he and his mother received benefits from operating it independent of its ability to earn a profit.

### 9.  Elements of Personal Pleasure

We consider the personal pleasure derived by petitioner in conducting his activity.  Sec. 1.183-2(b)(9), Income Tax Regs. Although the mere fact that a taxpayer derives personal pleasure from a particular activity does not negate a profit intent with respect thereto, the presence of personal motives may indicate that the activity is not engaged in for profit.  This is especially true where there are recreational or other personal elements involved.  Id.

Our review of the record, in conjunction with our observation of petitioner during his testimony, leads us to believe that petitioner had personal reasons for operating the store. We believe that, in part, he operated his store out of his love and affection for his mother. She enjoyed working there, and she worked there without compensation. As this Court has observed with respect to this factor: "The gratification derived from an occupation worth doing, possibly beneficial to others, and probably requiring long hours of arduous labor must still not be confused with an intention to return a profit." White v. Commissioner, 23 T.C. 90, 94 (1954), affd. 227 F.2d 779 (6th Cir. 1955).

This factor supports respondent's determination.

10. Other Considerations

a. Type of Business

The Court of Appeals for the Second Circuit questioned whether a retail business can be an activity not engaged in for profit under section 183. Ranciato v. Commissioner, 52 F.3d at 27-28. We believe it can. This Court has previously found that taxpayers did not have the required profit objective with respect to businesses typically run for profit. See, e.g., Houston v. Commissioner, T.C. Memo. 1995-159 (retail gun store); Ypsilantis v. Commissioner, T.C. Memo. 1992-644 (import/export commodities business); Hutchinson v. Commissioner, T.C. Memo. 1988-568 (retail cosmetics business).

### b. Petitioner's Motive for Operating Store

The Court of Appeals for the Second Circuit questioned petitioner's motive for operating his store. Respondent claims that petitioner operated his store as a valued family project. As indicated above, we agree. Petitioner and his parents started the store when he was approximately 18 years old. The store's only employees during the relevant years were petitioner, his wife, his mother, and his two children. Except for his son, Dustin, who was paid $1,470 during 1985, none of the other family members were paid for working at the store. These facts, combined with the pleasure that many derive from raising pets, suggest strongly that the store personally benefited petitioner's family, thereby motivating him to keep it open despite its losses.

### 11. Conclusion

Based on our discussion above, we conclude that petitioner operated his store without an "actual and honest" objective of making a profit.[***]

---

[***] We have also reconsidered whether petitioner is liable for the additions to tax determined by respondent under secs. 6651(a)(1), 6653(a)(1) and (2), 6653(a)(1)(A) and (B), and 6661, and whether he is liable for the increased rate of interest under sec. 6621. In light of the Court of Appeals for the Second Circuit's opinion, we conclude that petitioner's reporting position with respect to his store was not unreasonable. Accordingly, we hold that he is not liable for the additions to tax for negligence under sec. 6653(a)(1) and (2) (for 1985) and sec. 6653(a)(1)(A) and (B) (for 1986 and 1987). With respect to the other two additions to tax, and the increased rate of interest, we adhere to our holdings at T.C. Memo. 1993-536. The
(continued...)

To reflect the foregoing,

Decision will be

entered in accordance with

respondent's computation under

Rule 155.

---

***(...continued)
fact that petitioner was not negligent on his reporting position does not obviate the increased rate of interest under sec. 6621, or the delinquency addition under sec. 6651.  Although the Commissioner may waive the applicability of sec. 6661 for reasonable cause and good faith, see sec. 6661(c), she can only do so after the taxpayer presents his or her claim to the Commissioner with sufficient evidentiary support, see, e.g., McCoy Enters., Inc. v. Commissioner, 58 F.3d 557 (10th Cir. 1995), affg. on this issue T.C. Memo. 1992-693; see also Brown v. Commissioner, T.C. Memo. 1992-15.  The record does not show that petitioner ever presented respondent with any type of a claim for a waiver under sec. 6661(c).