T.C. Memo. 2012-4

UNITED STATES TAX COURT


MICHAEL S. OROS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19400-09.                    Filed January 5, 2012.


Michael S. Oros, pro se.

Amy B. Ulmer, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a $5,030 deficiency
in petitioner's Federal income tax for 2006 and a $1,006
accuracy-related penalty under section 6662(a).[1]  The issues for

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code (Code) in effect for the year in issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

decision are: (1) Whether petitioner was in the trade or business of being a book author in 2006, thereby entitling him to deduct related expenses under section 162;[2] and (2) whether petitioner is liable for an accuracy-related penalty under section 6662(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Oregon when the petition was filed.

Petitioner is, and was during 2006, a full-time employee of Intel Corp. (Intel). Petitioner has a marketing background and holds a bachelor of science degree in international business administration and a master's degree in international business administration.

Before 2006 petitioner had no experience writing or publishing books. In 2006 petitioner completed a business plan to write and self-publish a book about his upcoming worldwide trip and the planning and execution of such a trip. Petitioner, although not professionally trained, is an experienced photographer and intended to use the photographs he took during his trip as a focal point of his book.

---

[2] Respondent's determination with respect to petitioner's itemized deductions is a computational adjustment that will be resolved under Rule 155.

Petitioner's Trip

On November 20, 2006, petitioner began a 4-month trip during which he visited South America, Asia, Africa, and Australia. During 2006 petitioner traveled exclusively throughout South America. During 2007 he traveled to Asia, Africa, and Australia. Throughout the entire trip petitioner was on either a paid vacation or a paid sabbatical from Intel.

Petitioner spent an average of 3 days in each South American country he visited. On several occasions petitioner would return to a country in order to photograph different events. While in South America he took 4,542 photographs of businesses, temples, monuments, natural wonders, and wildlife. Petitioner maintained a contemporaneous journal in which he wrote about his different experiences.

Petitioner's Travel Book

As of March 2011 petitioner had not published or completed a book about his worldwide trip. Petitioner had written an "early draft" of the book consisting of approximately 100 to 150 pages. Petitioner did not produce a draft or outline of the book at trial.

2006 Tax Return

In preparing his 2006 tax return petitioner consulted his tax return preparer. The preparer had more than 36 years of experience, and petitioner had used him for several years before

2006.  The preparer advised petitioner on the tax treatment of the expenses associated with his worldwide trip.

Petitioner timely filed his Form 1040, U.S. Individual Income Tax Return, for 2006.  He attached a Schedule C, Profit or Loss From Business, which listed his principal business as "book author".  He reported no business gross receipts or income and claimed $17,294 in travel expenses, $1,474 in meals expenses, and $372 in telephone expenses for a total loss of $19,140.  Respondent subsequently disallowed petitioner's travel and meals expenses.  At trial petitioner introduced receipts and credit card statements for expenses incurred on his 2006 trip.

OPINION

I.  Deductions for Travel and Meals

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any claimed deductions.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Pursuant to section 162(a), a taxpayer is entitled to deduct all of the ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business.  In contrast, except where specifically enumerated in the Code, no deductions are allowed for personal, living, or family expenses.  Sec. 262(a).

Whether a taxpayer is engaged in a trade or business is determined using a facts and circumstances test under which courts have focused on the following three factors that indicate the existence of a trade or business:  (1) Whether the taxpayer undertook the activity intending to earn a profit; (2) whether the taxpayer is regularly and actively involved in the activity; and (3) whether the taxpayer's activity has actually commenced. See McManus v. Commissioner, T.C. Memo. 1987-457, affd. without published opinion 865 F.2d 255 (4th Cir. 1988).

To prove regular and active involvement in a trade or business, the taxpayer must show extensive business activity over a substantial period as opposed to a one-time venture or investment.  Id.  A taxpayer may have more than one trade or business.  Wright v. Commissioner, 31 T.C. 1264, 1267 (1959), affd. 274 F.2d 883 (6th Cir. 1960).  Specifically, writing can qualify as a trade or business even if it is not the sole activity of the taxpayer.  Id.  However, "there must be some conscientious intent and effort to engage in and continue in the writing field for the purpose of producing income and a livelihood in order to have writing qualify as a trade or business within the meaning of section 162(a) of the Code."  Id.

Some of the facts in the record suggest that petitioner was engaged in a trade or business.  Petitioner had a business plan regarding his book.  He took thousands of pictures and kept a

detailed journal while on his trip.  He arranged his itinerary based on events he wanted to photograph for his book. Additionally, respondent has not questioned petitioner's profit motive.

On the other hand, petitioner has failed to present convincing proof of many of the other relevant factors.  He has failed to present any evidence of continuous or repeated activity as an author.  As of March 2011 petitioner had not published or completed the travel book or any other book.  Petitioner testified that he plans to write other books, but there is no evidence that he has begun working on those books.

Petitioner admits that before 2006 he was not in the trade or business of being an author and that his travel book would have been his first book.  We do not mean to say that an initial publication can never be considered part of a trade or business. However, petitioner has failed to prove that he was engaged in the writing field for the purposes of producing income and a livelihood.

Additionally, during 2006 petitioner was a full-time employee of Intel.  Although "writing need not be the sole activity of a taxpayer to qualify as a trade or business, the fact that * * * [the taxpayer] devoted time to another job must be considered."  Hawkins v. Commissioner, T.C. Memo. 1979-101, affd. without published opinion 652 F.2d 62 (9th Cir. 1981); see

also <u>Trans v. Commissioner</u>, T.C. Memo. 1999-233 (taxpayer's wages from full-time employment strongly suggested that he was regularly and actively involved in his full-time employment rather than his claimed computer consulting trade or business).

Petitioner failed to produce evidence to show some intent or effect on his part to engage in and continue in the writing field with substantial regularity and with the purpose of producing income and a livelihood. In <u>Hawkins v. Commissioner</u>, <u>supra</u>, we noted that the taxpayer's published book of poetry "could just as easily be an isolated venture for the personal satisfaction of * * * [the taxpayer] seeing * * * [her] poetry in print as it could be a product of trade or business." <u>Id.</u> The same could be said of petitioner; his planned travel book could just as easily be an isolated venture for the personal satisfaction of taking a worldwide trip and seeing his travel adventures in print as it could be a product of a trade or business.

Petitioner fails to meet his burden of proving that his writing activities qualified as a trade or business within the meaning of section 162(a). Consequently, the expenses incurred in connection with the trip are not deductible as ordinary and necessary expenses of a trade or business.

Moreover, assuming petitioner was in the trade or business of being an author, he fails to meet the strict substantiation requirements of section 274(d). In general, section 274(d)

disallows any deduction for certain types of expenses, including travel and entertainment expenses, unless the taxpayer substantiates by adequate records or sufficient evidence corroborating the taxpayer's own testimony the amount, time, place, business purpose, and business relationship of the expenses. Respondent agrees that petitioner has established the amount, time, and place of $18,054 of his claimed expenses, but he has not established the business purpose of each of those expenses. At trial petitioner testified broadly to his trip's overall business purpose. However, his blanket statement that all expenses incurred on his trip had a business purpose is not sufficient. See Shaller v. Commissioner, T.C. Memo. 1984-584 ("the business purposes of each expenditure must be substantiated by written statement unless it is obvious from the context"), affd. without published opinion 813 F.2d 403 (4th Cir. 1986).[3]

II. Accuracy-Related Penalty

Respondent determined that petitioner is liable for a section 6662(a) accuracy-related penalty for 2006. Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax

---

[3] Under sec. 195(b), in the taxable year in which a taxpayer begins an active trade or business, the taxpayer may elect to amortize startup expenditures. Because petitioner has not shown that his trade or business actually commenced in 2006, he is not entitled to deduct or begin amortizing any portion of his 2006 expenses under sec. 195.

attributable to (1) negligence or disregard of rules or regulations or (2) a substantial understatement of income tax. Negligence "includes any failure to make a reasonable attempt to comply with the provisions of this title", and disregard "includes any careless, reckless, or intentional disregard." Sec. 6662(c). "Negligence" includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. An "understatement" is the difference between the amount of tax required to be shown on the return and the amount of tax actually shown on the return. Sec. 6662(d)(2)(A). A "substantial understatement" of income tax exists if the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return for a taxable year or (2) $5,000. See sec. 6662(d)(1)(A). The burden of production is on respondent to produce evidence that it is appropriate to impose the relevant penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Because we have sustained respondent's adjustment, the amount of tax required to be shown on petitioner's 2006 return is $17,494. Petitioner reported total tax of $12,464 for 2006. Accordingly, petitioner understated his 2006 tax liability by $5,030. Petitioner's understatement constitutes a "substantial understatement" of income tax because it exceeded the greater of

(1) 10 percent of the tax required to be shown on the return for the taxable year, or (2) $5,000.  Respondent has therefore met his burden of production.

The accuracy-related penalty under section 6662(b)(1) or (2) is not imposed with respect to any portion of the underpayment as to which the taxpayer shows that he acted with reasonable cause and in good faith.  Sec. 6664(c)(1); Higbee v. Commissioner, supra at 448.  Reliance on the advice of a tax professional may establish reasonable cause and good faith.  See United States v. Boyle, 469 U.S. 241, 250 (1985).  A taxpayer claiming reliance on professional advice must show that:  (1) The adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment.  Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

In preparing his 2006 tax return, petitioner consulted a tax return preparer with more than 36 years of experience.  The preparer advised petitioner on the tax treatment of the expenses associated with his worldwide trip.  Petitioner relied upon his return preparer's advice in claiming deductions on his Schedule C for his 2006 trip expenses.  On the record before us, we find that petitioner has carried his burden of proving that there was

reasonable cause for, and that he acted in good faith with respect to, the underpayment in this case. Because the reasonable cause and good faith exception is a defense to both negligence and a substantial understatement of income tax, the section 6662 penalty does not apply. See sec. 6664(c)(1).

Accordingly, we hold that petitioner is not liable for an accuracy-related penalty under section 6662(a).

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.