T.C. Memo. 2016-195

UNITED STATES TAX COURT

STEPHEN T. RANGEN AND JOYCE G. RANGEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14556-14.                          Filed October 26, 2016.

Stephen T. Rangen and Joyce G. Rangen, pro sese.

<u>Daniel V. Triplett, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether petitioners are entitled
to business expense deductions and liable for a section 6662(a) accuracy-related
penalty.  Unless otherwise indicated, all section references are to the Internal
Revenue Code relating to the year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*2]                       FINDINGS OF FACT

During 2010 (year in issue), Stephen T. Rangen worked as a substitute teacher with the Los Angeles Unified School District.  Petitioners paid $3,084 of vehicle expenses, $24,751 of office expenses (i.e., including $19,979 to rent an apartment), $5,383 relating to loans, and $2,901 of other expenses relating to that year.  On August 11, 2011, petitioners filed their 2010 joint Form 1040, U.S. Individual Income Tax Return, on which they reported $46,179 of unreimbursed employee business expenses, $9,403 of taxable income, a $943 income tax liability, and a $129 amount owed.

In a notice of deficiency issued on March 26, 2014, respondent disallowed business expense deductions for lack of substantiation, determined a $5,738 deficiency, and determined a $1,148 section 6662(a) accuracy-related penalty.  On June 23, 2014, petitioners, while residing in California, timely filed with the Court a petition in which their sole contention was that they were entitled to business expense deductions relating to Mr. Rangen's teaching activities.  At trial petitioners contended that the office expenses, loan payments, and other expenses related to Mr. Rangen's activities as a writer and a cartoonist.

**[*3]**                                        OPINION

A taxpayer is, pursuant to section 162(a), entitled to deduct all ordinary and necessary unreimbursed business expenses paid or incurred in carrying on a trade or business. See Lucas v. Commissioner, 79 T.C. 1, 6-7 (1982). The performance of services as an employee is considered a trade or business. See Primuth v. Commissioner, 54 T.C. 374, 377 (1970). "[A] person may be engaged in more than one trade or business, and writing need not be the sole activity of the taxpayer to qualify as a trade or business." Wright v. Commissioner, 31 T.C. 1264, 1267 (1959), aff'd, 274 F.2d 883 (6th Cir. 1960). Personal, living, or family expenses, however, are generally not deductible. See sec. 262(a).

Petitioners did not introduce credible evidence that would, pursuant to section 7491(a), shift the burden of proof to respondent. See Rule 142(a). Thus, petitioners bear the burden of proof. While Mr. Rangen set forth a general narrative relating to his writing and cartoonist activities, his testimony lacked the requisite specificity, coherence, and corroboration to convince the Court that he conducted either of these activities with substantial regularity or the purpose of producing income to constitute a trade or business. See sec. 162; Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987); Hawkins v. Commissioner, T.C. Memo. 1979-101, aff'd without published opinion, 652 F.2d 62 (9th Cir. 1981).

**[\*4]** Furthermore, the expenses did not bear a reasonable and proximate relation to the production of taxable income.  See sec. 212(1); sec. 1.212-1(d), Income Tax Regs.  In short, petitioners' expenses were not ordinary and necessary and thus were not deductible pursuant to section 162 or 212.  Finally, petitioners failed to satisfy the section 274(d) substantiation requirements relating to Mr. Rangen's vehicle expenses.  See Boyd v. Commissioner, 122 T.C. 305, 320 (2004); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Respondent determined that petitioners are liable for a section 6662(a) accuracy-related penalty relating to the year in issue.  Petitioners' $5,738 understatement of income tax exceeds $5,000, which is greater than 10% of the amount required to be shown on the return (i.e., $668).  See sec. 6662(d)(1)(A).  Respondent bears and has met the burden of production relating to the section 6662(a) accuracy-related penalty.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Petitioners did not establish that they had reasonable cause for any portion of their underpayment.  See sec. 6664(c)(1).  Accordingly, they are liable for a section 6662(a) and (b)(2) accuracy-related penalty relating to the year in issue, and we need not decide whether the penalty should also be sustained on the ground of negligence pursuant to section 6662(b)(1).

**[\*5]**   Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.